UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,
<br>*Plaintiff-Appellee,*

v.

RALPH GRAHAM,
<br>*Defendant-Appellant.*

</td><td>

No. 01-4897

</td></tr>
</table>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-01-35-MU)

Submitted: July 11, 2003

Decided: August 25, 2003

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ralph Graham, a federal prisoner, appeals his convictions following a jury trial for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), interference with commerce by threat or violence and aiding and abetting others, in violation of 18 U.S.C. § 1951 (2000) and 18 U.S.C. § 2 (2000), and brandishing a firearm during and in relation to a crime of violence and aiding and abetting others, in violation of 18 U.S.C. § 924(c) (2000) and § 2.

These charges stemmed from two separate incidents. On August 4, 2000, the Charlotte-Mecklenburg Police Department received information from a confidential informant that individuals in a dark-colored Chevrolet Suburban were about to commit a bank robbery. Graham and his brother Anthony Graham ("Anthony") were stopped by police officers after being seen in the area in a vehicle fitting the informant's description. Both Graham and Anthony testified that the vehicle belonged to a friend of Anthony's known as "Tick." Anthony was driving the vehicle and Graham was a passenger in the front seat. A loaded handgun was found underneath the front passenger's seat.

The other incident occurred on December 25, 2000, when officers received a call that a Days Inn motel had been robbed. Upon their arrival at the scene, the victim of the robbery, Alfred Brent Bridges ("Bridges"), informed the officers of the details of the robbery and gave a description of the assailant. Based on this information, Graham was apprehended at a nearby location shortly thereafter. Bridges was taken to that location, where he identified Graham as the assailant. He also identified a gun found on Graham's person as that used in the robbery, and cash found on Graham's person as that taken from the hotel.

On appeal, Graham argues that the district court erred by denying his pretrial motion to suppress statements and evidence regarding the August 4, 2000, incident, and that there was no probable cause to search the automobile. We find that Graham, as a passenger claiming no possessory interest in the automobile or its contents, lacks standing to challenge the search. *See Rakas v. Illinois*, 439 U.S. 128, 148-49

(1978); *see also United States v. Rusher*, 966 F.2d 868, 874 (4th Cir. 1992).

Graham also argues that the district court erred by failing to hold an evidentiary hearing regarding his suppression motion. We review a district court's failure to grant a suppression hearing for abuse of discretion. *See United States v. Chavez*, 902 F.2d 259, 264 (4th Cir. 1990). As Graham lacked standing to challenge the search and seizure, there was no abuse of discretion in this case.

Graham next argues that the district court erred by failing to disclose the identity of the confidential informant. The defendant bears the burden of proving that he is entitled to disclosure of such information. *See Rugendorf v. United States*, 376 U.S. 528, 534-35 (1964); *see also United States v. D'Anjou*, 16 F.3d 604, 609-10 (4th Cir. 1994). We review a district court's decision whether to disclose the identity of a confidential informant for abuse of discretion. *See United States v. Gray*, 47 F.3d 1359, 1363 (4th Cir. 1995). Because the informant was not a participant in the crime but a mere "tipster," disclosure of his or her identity was not required. *See United States v. Price*, 783 F.2d 1132, 1138 (4th Cir. 1986) (citing *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973)).

Graham also argues that the district court erred by denying his motion for a new trial and/or mistrial with regard to the December 25, 2000, robbery. We review a district court's decision whether to grant a new trial and/or mistrial for abuse of discretion. *See Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998); *see also United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997).

Graham first argues that a new trial and/or mistrial was warranted because the Government's failure to respect his stipulation that he was a convicted felon by cross-examining him regarding past convictions was prejudicial and inflammatory, thus negating his right to a fair trial before an impartial jury. Specifically, he argues that such cross-examination violates the holding of *United States v. Old Chief*, 519 U.S. 172 (1997). We disagree. In *Old Chief*, the Supreme Court held that the district court abused its discretion in a case involving a prosecution for possession of a firearm by a convicted felon by rejecting the defendant's offer to stipulate his status as a convicted felon.

Here, the Government used Graham's prior convictions for impeach-ment purposes only. Thus, *Old Chief* is distinguishable because it addressed an element of the offense charged. *See United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997).

Graham further argues that the Government improperly used Fed. R. Evid. 404(b) evidence without giving him prior notice. We dis-agree. Graham's stipulation to his status as a convicted felon did not preclude the Government from referencing his criminal record for impeachment purposes. Moreover, we find that Graham received notice of this potentiality given the parties' stipulation that his past criminal conduct would be used to establish an element of the offense. Thus, we find that Graham's argument fails.

Graham also argues that the district court erred by failing to give a curative instruction to the jury regarding the Government's line of questioning referencing his criminal record. We find that the caution-ary instruction given before the trial sufficiently apprised the jury that the Government's "statements, arguments and questions" were not to be considered as evidence. In any event, because Graham's criminal record was properly used for impeachment purposes only, we find that no curative instruction was necessary.

Graham next argues that the cumulative effect of all of these alleged errors deprived him of a fair trial, thereby warranting the granting of a new trial. However, because we find no merit to any of these alleged errors, Graham's cumulative error argument necessarily fails.

Graham further argues that the district court erred by denying his Fed. R. Crim. P. 29 motions for judgment of acquittal based on insuf-ficiency of the evidence. To determine whether there was sufficient evidence to support a conviction, we consider whether, taking the evi-dence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reason-able doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). We do not weigh the evidence or determine the credibility of the wit-nesses. *See United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Rather, the jury verdict must be upheld if there is substantial

evidence to support it. *See id.*; *see also United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994).

In order to convict Graham on the charge of being a convicted felon in possession of a firearm, the Government must prove the following three elements beyond a reasonable doubt: (1) Graham had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; (2) he knowingly possessed the firearm; and (3) such possession was in or affecting interstate commerce. *See* 18 U.S.C. § 922(g)(1) (2000). Because Graham stipulated to his prior felony conviction, no further evidence needed to be produced to prove the first element. With regard to the second element, Special Agent William Holbrook, of the State Bureau of Investigation, testified that Graham acknowledged the gun was his, stating that he had purchased it the previous day from a Mexican male whose name he could not recall. At trial, Graham denied making such a statement, and denied that the gun was his, that he knew the gun was in the automobile, and that he ever touched the gun. There is no other evidence linking the gun to Graham. Because we do not make credibility determinations, and because the jury clearly believed Holbrook's testimony, we must accept it as true. Accordingly, sufficient evidence supports the jury's finding of this element beyond a reasonable doubt. Lastly, the third element, that the firearm was in or affected interstate commerce, is met because the parties stipulated that the firearm was manufactured outside of the state.

In order to convict Graham for obstructing, delaying, and affecting interstate commerce by robbery, the Government must prove the following elements beyond a reasonable doubt: (1) Graham induced Bridges to depart with property of the Days Inn; (2) he did so knowingly and deliberately by robbery; and (3) in doing so, commerce was obstructed, delayed, or affected.

Bridges testified that Graham demanded money from the motel safe, threatening Bridges's life with a gun for failure to comply. Moreover, Graham threatened to hit Bridges in the head with a lock from the safe and, after instructing Bridges to lie on the floor on his stomach, Graham threatened to shoot him if he got up. The gun used in the robbery was later found in Graham's possession and identified by Bridges as the one used in the robbery. Thus, we find that suffi-

cient evidence exists for the jury's finding the first two elements beyond a reasonable doubt. With regard to the third element, it is clear that the Days Inn's ability to engage in interstate commerce was affected by the theft of its property. Thus, we find that sufficient evidence supports the jury's finding this element beyond a reasonable doubt.

In order to convict Graham on the brandishing charge, the Government must prove the following elements beyond a reasonable doubt: (1) Graham committed a crime of violence, namely, obstructing, delaying, or affecting commerce by robbery as charged; and (2) during and in relation to the commission of that crime, he knowingly used or carried and brandished the firearm in question. The district judge instructed the jury that obstructing, delaying, or affecting commerce by robbery constituted a crime of violence for purposes of this charge. Because there is sufficient evidence to support the jury's conviction on that charge, the first element is supported by sufficient evidence. Furthermore, as already noted, Bridges testified that Graham pointed the gun toward him and threatened his life if he did not comply with his demands. This gun was later found in Graham's possession and identified by Bridges. Thus, we find that sufficient evidence supports the jury's finding this element beyond a reasonable doubt.

Accordingly, we affirm Graham's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*