DUNCAN, Circuit Judge:
Petitioner-Appellant Thilo Brown appeals the district court’s order dismissing his 28 U.S.C. § 2255 motion. This court granted Petitioner a certificate of appeala-bility on the issue of whether, in light of Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), his prior South Carolina conviction for assault on a police officer while resisting arrest, S.C. Code Ann. § 16-9-320(B) (“Resisting-Arrest Assault Conviction”), qualifies as a *299 predicate “crime of violence” for career-offender status under the Sentencing Guidelines, U.S.S.G. §§ 4Bl.l(a), 4B1.2(a) (2002). For the reasons that follow, we affirm the district court.
Petitioner can succeed only if, inter alia, a Supreme Court precedent has rendered his motion timely by recognizing a new right entitling him to relief. 28 U.S.C. § 2255(f)(3). As the dissent acknowledges, neither Johnson, nor Beckles, nor any other Supreme Court case has recognized the specific right on which Brown seeks to rely.[1] See Johnson, 135 S.Ct. at 2555-56, 2560, 2563; Beckles, — U.S. -, 137 S.Ct. 886, 895, 197 L.Ed.2d 145 (2017); see also id. at 903 n.4 (Sotomayor, J., concurring). With respect for its view, we are constrained by the Antiterrorism and Effective Death Penalty Act (AEDPA) jurisprudence from extrapolating beyond the Supreme Court’s holding to apply what we view as its “reasoning and principles” to different facts under a different statute or sentencing regime. We are thus compelled to affirm the dismissal of Petitioner’s motion as untimely under 28 U.S.C. § 2255(f)(3).
I.
A.
On March 19, 2003, Petitioner pleaded guilty to possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(l)(A)(iii) (“Drug Offense”), and to carrying a firearm during the commission of a drug crime in violation of 18 U.S.C. § 924(c) (“Firearm Offense”). J.A. 83. At sentencing, the district court designated Petitioner a career offender under U.S.S.G. § 4Bl.l(a) (2002) because he had a prior felony conviction that qualified as a predicate controlled-substance offense,[2] and his prior Resisting-Arrest Assault Conviction qualified as a predicate crime-of-violence offense. J.A. 90, 91; U.S.S.G. § 4B1.2(a) (2002). Because the district court sentenced Petitioner on July 14, 2003, before United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Petitioner’s career-offender status resulted in a mandatory guideline range of 262-327 months for the Drug Offense and a minimum consecutive sentence of sixty months for the Firearm Offense.[3] J.A. 89-02. Petitioner received a total sentence of 322 months — the low end of the guidelines’ range for both offenses and well within the range of permissible statutory sentences that the district court could have imposed. J.A. 8-9. The district court entered judgment against Petitioner on July 21, 2003. J.A. 8-9. Petitioner did not appeal.
B.
On June 26, 2015 — after Petitioner’s conviction became final for purposes of direct review, but before Petitioner filed any 28 U.S.C. § 2255 motion — the Supreme Court decided Johnson. 135 S.Ct. at *300 2555. In Johnson, the Court held that ACCA’s residual clause was void for vagueness. Id. at 2560, 2563.[4]
On January 28, 2016, Petitioner filed a 28 U.S.C. § 2255 motion to vacate his sentence. Relying on Johnson, Petitioner argued, that his prior Resisting-Arrest Assault Conviction could no longer serve as a predicate crime of violence under U.S.S.G. § 4B1.2(a) (2002), and therefore, his earlier designation as a career offender was unjustified. J.A. 19-23, 45-54., Petitioner’s argument rested on the premise that Johnson’s holding invalidated , not only ACCA’s residual clause,'but also like-worded residual clauses in the Sentencing Guidelines. On June 17, 2016, the' district court dismissed Petitioner’s motion with prejudice and'declined to issue a certificate of appealability. J.A. 37-44. Petitioner appealed and moved for a certificate of ap-pealability on August 5, 2016. On December 7, 2016, this court granted Petitioner a certificate of appealability on the issue of whether his prior Resisting-Arrest Assault Conviction qualifies as a predicate offense for career-offender status in light of Johnson. [5]
II.
On appeal, Petitioner relies on 28 U.S.C. § 2255(f)(3) to render his motion timely. Under § 2255(f)(3), a petitioner can file a § 2255 motion relying on, a right newly recognized by the Supreme Court provided that, inter alia, he files within a one-year window running from “the date on which the right asserted was initially recognized by the Supreme Court.” Id. § 2255(f)(3).
Petitioner acknowledges, as he must, that the Supreme Court’s recent holding in Beckles, forecloses his argument that Johnson explicitly invalidated all residual clauses with wording similar to ACCA’s invalidated residual clause. Petitioner nevertheless urges this court to extrapolate a recognized right from Booker, Johnson, and Beckles, read together. Petitioner and the dissent maintain that we can find his asserted right in the principles animating these decisions even though none of them, nor any other Supreme Court precedent, have recognized a right to challenge the pr e-Booker mandatory Sentencing Guidelines as void for vagueness and despite the fact that the Beckles Court expressly declined to address the issue of whether the pr e-Booker mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges. See Beckles, 137 S.Ct. at 895; see also id. at 903 n.4 (Sotomayor, J., concurring).
*301 We review de novo the question presented on appeal. See United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008); United States v. Thompson, 421 F.3d 278, 280-81 (4th Cir. 2005). As explained below, because of the procedural posture we are compelled to affirm.
A.
In accordance with Congress’s intent to limit the number of collateral-review cases before federal courts and to respect the finality of convictions, the Anti-terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (codified as amended in scattered sections of 8, 18, 22, 28, 40, and 42 U.S.C.) (“AEDPA”), provides for a one-year statute of limitations for § 2255 motions. 28 U.S.C. § 2255(f). Normally, for a motion to be timely under § 2255(f), a petitioner must file for relief within one year of the date that his judgment of conviction becomes final. See id. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). However, under § 2255(f)(3), courts will consider a petitioner’s motion timely if (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from “the date on. which the right asserted was initially recognized by the Supreme Court,” 28 U.S.C. § 2255(f)(3), and (3) the' Supreme Court or this court has made the right retroactively applicable. See Dodd v. United States, 545 U.S. 353, 358-59, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005); United States v. Mathur, 685 F.3d 396, 397-98 (4th Cir. 2012); United States v. Thomas, 627 F.3d 534, 536-37 (4th Cir. 2010). Although this court can render a right retroactively applicable, only the Supreme Court can recognize a new right under § 2255(f)(3). See Dodd, 545 U.S. at 357-59, 125 S.Ct. 2478; Thomas, 627 F.3d at 536-37; see also Mathur, 685 F.3d at 399-401. Consequently, to find Petitioner’s motion timely, we must conclude that it relies on a right “recognized” in Johnson or another more recent Supreme Court case. See Dodd, 545 U.S. at 357-59, 125 S.Ct. 2478; see also Mathur, 685 F.3d at 399-401. “As with any question of statutory interpretation, our analysis begins with the plain language of the statute.” Jimenez v. Quarterman, 555 U.S. 113, 118, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009).
To “recognize” something is (1) “to acknowledge [it] formally” or (2) “to acknowledge or take notice of [it] in some definite way.” Recognize, Merriam-Webster Tenth Collegiate Dictionary 976 (1996); see also Tapia v. United States, 564 U.S. 319, 327, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011). Thus, a Supreme Court case has “recognized” an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way. Cf. Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (interpreting the phrase “clearly established Federal law, as determined by the Supreme Court” within another provision of AEDPA to meán “the holdings, as opposed to the dicta” of Supreme Court precedent). Correspondingly, if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not “recognized” that right. Cf. Tyler v. Cain, 533 U.S. 656, 662-64, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (interpreting the word “made” within another provision of AEDPA — “made retroactive to cases on collateral review by the Supreme Court” — to mean “held”).
B.
We now turn to the right Petitioner claims the Supreme Court recognized in Johnson. Petitioner’s motion relies on a claimed due-process right to have his *302 guidelines’ range calculated without reference to an allegedly vague Sentencing Guidelines’ provision, despite the fact that the district court imposed his sentence within permissible statutory limits. Regrettably for Petitioner, the Supreme Court did not recognize’ such a right in Johnson. While Johnson did announce a retroactively applicable right, Welch v. United States, — U.S. —, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016), Johnson dealt only with the residual clause of ACCA — a federal enhancement statute, Johnson, 135 S.Ct. at 2555-56. Johnson did not discuss the mandatory Sentencing Guidelines’ residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines, See id. at 2555-56.
C.
Petitioner urges this court to cobble together a right by combining Johnson’s reasoning with that of two other Supreme Court eases, Booker and Beckles. Petitioner’s three-case extrapolation begins with the unobjectionable premise that Booker recognized a constitutional distinction between mandatory Sentencing Guidelines and advisory Sentencing Guidelines. Booker, 543 U.S. at 245, 125 S.Ct. 738. Moving on from Booker, Petitioner argues that the mandatory Sentencing Guidelines cabined a sentencing judge’s discretion in a manner that raises the same concerns animating the Supreme Court’s decision in Johnson: denying fair notice to defendants and inviting arbitrary enforcement by judges. Johnson, 135 S.Ct. at 2557. To prove this point, Petitioner points to several related cases in the lower courts, which he claims serve as evidence that “the mandatory Guidelines look and act like the ACCA.” Reply Br. at 18. Finally, Petitioner points out that the Beckles Court carefully limited its holding to the advisory Sentencing Guidelines, thus, in his view, leaving open the question of whether defendants could challenge sentences imposed under the mandatory Sentencing Guidelines as void for vagueness. Beckles, 137 S.Ct. at 895; see also id. at 903 n.4 (Sotomayor, J., concurring).
Yet Petitioner’s argument is self-defeating. If the Supreme Court left open the question of whether Petitioner’s asserted right exists, the Supreme Court has not “recognized” that right. See supra Part II.A.
While the residual clause at issue here mirrors the residual clause at issue in Johnson, the Beckles Court made clear that the right announced in Johnson did not automatically apply to all similarly worded residual clauses. See Beckles, 137 S.Ct. at 890; see also United States v. Mack, 855 F.3d 581, 585 (4th Cir. 2017). Beckles specifically held that Johnson failed to invalidate the advisory Sentencing Guidelines’- former definition of “crime of violence,” U.S.S.G. § 4B1.2(a)(2) (2006), which was “identically worded” to ACCA’s residual clause. Beckles, 137 S.Ct. at 890. As Petitioner himself points out, the Beck-les Court carefully crafted its holding to avoid deciding whether the logic of Johnson applied outside the context of ACCA. See id.; see also Mack, 855 F.3d at 585. Hence, Beckles confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA’s residual clause.[6]
*303 In short, Petitioner’s cited cases do not recognize, and the dissent does not point to, any right helpful to him.[7] Johnson only recognized that ACCA’s residual clause was unconstitutionally vague, 135 S.Ct. at 2557; it did not touch upon the residual clause at issue here. Likewise, Beckles only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. 137 S.Ct. at 895. In a future case, the Supreme Court may agree with an argument similar to Petitioner’s that because the challenged residual clause looks like ACCA and operates like ACCA, it is void for vagueness like ACCA. See id. at 892 n.2 (noting former circuit split). But Beckles demonstrates that quacking like ACCA is not enough to bring a challenge within the purview of the right recognized by Johnson. Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner. See Dodd, 545 U.S. at 359, 125 S.Ct. 2478. We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)’s plain language, the narrow nature of Johnson’s binding holding, and Beckles’s indication that the position advanced by Petitioner remains an open question in the Supreme Court.
D.
We note as well that our recent decision in In re Hubbard, 825 F.3d 225 (4th Cir. 2016), is not to the contrary. The relief sought by the Petitioner contrasts sharply with the relief this court granted to the movant in Hubbard. Here, unlike in Hubbard, we consider Petitioner’s arguments after authorizing this appeal through a certificate of appealability and in a post-Beckles world. To grant Petitioner’s requested relief we must confront the timeliness issue: whether he can rely on Johnson as a rule “recognized by the Supreme Court.” 28 U.S.C. § 2255(f)(3).
The threshold certification inquiry in Hubbard concerned whether the movant could make a prima facie showing that his application relied on “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,” 28 U.S.C. § 2255(h)(2); see also id. § 2244(b)(3)(C); In re Hubbard, 825 F.3d at 228; In re Vassell, 751 F.3d 267, 270-71 (4th Cir. 2014). In this circuit, making such a prima facie showing requires the movant to meet a relatively low bar, In re Hubbard, 825 F.3d at 231; and this court does not need to reach “the question of the successive motion’s timeliness at the gatekeeping stage,” In re Vassell, 751 F.3d at 271.
Consistent with what is required of this court at the 28 U.S.C. § 2255(h)(2) stage, we did not consider the timeliness of the movant’s underlying merits argument. Instead we assumed, prior to the Supreme Court’s resolution of Beckles, that disagreement among the federal courts of *304 appeals on Johnson’s application to other residual clauses was “likely ... enough to establish that [the petitioner] has made ‘a sufficient showing of possible merit to warrant a fuller exploration by the district court/ ... confirmed by [this court’s] own ‘glance’ at the government’s merits arguments.” In re Hubbard, 825 F.3d at 232 (internal citation omitted).
Today’s narrow holding, like the holding of Hubbard, is compelled by this case’s procedural posture. Had this case come before us on direct appeal, we might have had the inferential license necessary to credit Petitioner’s interpretations of the negative implications found in Booker, Johnson, and Bedeles. Unfortunately for Petitioner, we must consider his argument through the narrow lens that § 2255(f) affords this court on collateral review.
III.
We are constrained from reading between the lines of Booker, Johnson, and Beckles to create a right that the Supreme Court has yet to recognize. We are compelled to affirm because only the Supreme Court can recognize the right which would render Petitioner’s motion timely under § 2255(f)(3).

AFFIRMED

. The dissent specifically recognizes that Beckles leaves open the question of whether Johnson applies under a mandatory-guidelines regime and quotes from Justice Sotoma-yor’s concurring opinion in Beckles to that effect. See infra at 309. If a question is expressly left open, then the right, by definition, has not been recognized.

. Petitioner stipulated in his plea agreement that he had a prior felony drug conviction for trafficking crack cocaine, and agreed not to contest the government's filing of an information, rendering him subject to a mandatory minimum sentence of 20 years (240 months) for his Drug Offense. 21 U.S.C. § 851.

.The Firearm Offense carried a mandatory minimum penalty of five years to life imprisonment, to run consecutively to any other term of imprisonment imposed. 18 U.S.C. § 924(c); J.A. 79-80, 90.

. ACCA imposes a statutorily mandated 15-year minimum prison term for a person who • violates 18 U.S.C. § 922(g) and has three previous convictions that qualify as either a "serious drug offense” or a "violent felony.” 18 U.S.C. § 924(e)(1). Prior to Johnson, a crime qualified as a "violent felony” under ACCA's residual clause if it "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another.” Id. § 924(e)(2)(B)(ii).

. Although Petitioner raised other arguments for vacating his sentence before the district court, we only granted a certificate of appeal-ability as to whether his prior Resisting-Arrest Assault Conviction qualifies as a predicate offense for career-offender status in light of Johnson. If we were inclined to agree with Petitioner’s argument that his prior conviction did not qualify under the applicable residual clause, U.S.S.G. § 4B 1.2(a)(2) (2002), we would normally have to decide whether his prior conviction would nevertheless qualify as a predicate career-offender conviction under the applicable force clause, U.S.S.G. § 4B1.2(a)(1) (2002). However, before oral argument, the government withdrew its árgument that Petitioner’s prior Resisting-Arrest Assault Conviction qualifies as a predicate offense for career-offender status under the applicable force clause. Beth Drake, Letter to the Fourth Circuit (May 8, 2017), Therefore, the success of Petitioner’s appeal rises and falls on his residual-clause argument.

. Prior to Beckles, the majority of circuits held that Johnson’s holding extended to like-worded residual clauses in versions of the advisory Sentencing Guidelines, see Beckles, 137 S.Ct. at 892 n.2 (surveying cases), but Beckles ultimately reached the contrary conclusion, id. at 890 ("This Court held in Johnson ... that the identically worded residual *303 clause in the [ACCA] was unconstitutionally vague. Petitioner contends that the [advisory] Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner’s argument.”).

. Petitioner’s motion would also be untimely to the extent it relies on the general principles of due-process jurisprudence noted in Johnson, principles recognized long before Johnson which provide too broad a standard to constitute a right or rule in other similar contexts. Cf. Anderson v. Creighton, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (noting, for qualified-immunity purposes, that requiring a clearly established rule "depends substantially upon the level of generality at which the relevant 'legal rule’ is to be identified,” and explaining that the right to "due process of law” is too abstract to provide a workable standard in every case); Chaidez v. United States, 568 U.S. 342, 347-48, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013).