**PUBLISHED**

FILED: February 26, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-7056**
(2:02-cr-00519-PMD-1)
(2:16-cv-00268-PMD)
_____

UNITED STATES OF AMERICA

      Plaintiff - Appellee

v.

THILO BROWN

      Defendant - Appellant

_____

O R D E R
_____

The court denies appellant's petition for rehearing and rehearing en banc.

Judge Duncan and Judge Diaz voted to deny panel rehearing, and Chief Judge Gregory voted to grant panel rehearing.

A requested poll of the court on the petition for rehearing en banc failed to produce a majority of judges in regular active service and not disqualified who voted in favor of rehearing en banc. Judge Wilkinson, Judge Niemeyer, Judge Motz, Judge

Traxler, Judge King, Judge Duncan, Judge Agee, Judge Keenan, Judge Wynn, Judge Diaz, Judge Floyd, Judge Thacker and Judge Harris voted to deny rehearing en banc. Chief Judge Gregory voted to grant rehearing en banc and filed a dissenting opinion, which is attached.

Entered at the direction of Judge Duncan.

For the Court

/s/ Patricia S. Connor, Clerk

GREGORY, Chief Judge, dissenting from the denial of rehearing en banc:

I would grant rehearing en banc for the reasons expressed in my dissent to the panel decision. *United States v. Brown*, 868 F.3d 297, 304–11 (4th Cir. 2017) (Gregory, C.J., dissenting). In *Johnson v. United States*, the Supreme Court recognized that defendants have a due process right not to have their sentences fixed by the application of the categorical approach to a vague sentencing provision. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). In *Welch v. United States*, the Court held that *Johnson* announced a new substantive rule with retroactive application. 136 S. Ct. 1257, 1265 (2016). In *United States v. Beckles*, the Supreme Court recognized that *Johnson*'s scope did not extend to advisory sentencing provisions that only *guide* a sentencing court's discretion. 137 S. Ct. 886, 894 (2017). But the Supreme Court did not disturb or redefine the right recognized in *Johnson*: vague sentencing provisions that *fix* a defendant's sentence under the categorical approach violate due process.

Brown's case presents just such a violation. He was sentenced in July 2003, when the Sentencing Guidelines were "mandatory and binding on all judges." *United States v. Booker*, 543 U.S. 220, 233 (2005). Under these Guidelines, he received a career-offender enhancement for a prior conviction that fell within the Guidelines' identically worded residual clause. *Brown*, 868 F.3d at 300 n.5. Pursuant to § 2255(f)(3), Brown filed a habeas petition within one year of *Johnson* and asserted the Supreme Court's newly recognized *Johnson* right to be free from sentences fixed by the unconstitutionally vague residual clause. He argued that *Johnson*'s right also applied to the residual clause of the

3

pre-*Booker* Guidelines, which used identical language to "fix[]" his sentence. *Johnson*, 135 S. Ct. at 2557. But the majority read *Johnson* too narrowly: Brown's petition was untimely, it concluded, because *Johnson* is limited only to those sentences fixed by the ACCA's residual clause. *Brown*, 868 F.3d at 304.

The majority erroneously conflates the threshold statute-of-limitations inquiry of § 2255(f)(3) with the merits of Brown's claim. To get into court, the petition must be filed within one year of "the date on which the *right asserted* was initially recognized by the Supreme Court." § 2255(f)(3) (emphasis added). It is undisputed that *Johnson* recognizes a new right with retroactive application. *Welch*, 136 S. Ct. at 1265. Brown has asserted that *Johnson*'s new right applies to him and filed his petition within one year of *Johnson*'s publication. And Brown's assertion is eminently reasonable: "the mandatory Guidelines' residual clause presents the same problems of notice and arbitrary enforcement as the ACCA's residual clause at issue in *Johnson*." *Brown*, 868 F.3d at 309–10 (Gregory, C.J., dissenting).

Justice Sotomayor's concurrence in *Beckles* is not to the contrary. *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring). As the First Circuit has recognized, what "*Beckles* left open . . . was a question of statutory interpretation concerning how mandatory the [Sentencing Reform Act] made the guidelines before *Booker*." *Moore v. United States*, 871 F.3d 72, 83 (1st Cir. 2017). This is the merits inquiry—whether the Guidelines' residual clause, when used to fix sentences pre-*Booker*, is void for vagueness. But the statute-of-limitations inquiry cannot be identical to the merits inquiry lest the former

4

swallow the latter. That the Supreme Court has not issued a formal holding on the merits does not change the fact that Brown has brought within one year a claim that *asserts* the right newly recognized in *Johnson* and made retroactively applicable on collateral review. § 2255(f)(3).

On the merits, I believe that the majority's reading of *Johnson* is too narrow. *Brown*, 868 F.3d at 309–11 (Gregory, C.J., dissenting). Congress used the word "right" instead of "holding" in § 2255 because it "recognizes that the Supreme Court guides the lower courts not just with technical holdings but with general rules that are logically inherent in those holdings, thereby ensuring less arbitrariness and more consistency in our law." *Moore*, 871 F.3d at 82. Supreme Court precedent identifies a new right as one that "breaks new ground or imposes a new obligation," as compared to a case simply "dictated" by existing precedent. *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989) (plurality opinion)); *see United States v. Powell*, 691 F.3d 554, 557 (4th Cir. 2012) (applying *Teague* when reviewing claim under § 2255(f)(3)); *see generally Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016) (concluding that the *Teague* standard determines what constitutes a "new right" under § 2255(f)(3)). *Johnson* was just such a "new right," breaking "new ground" by concluding that the residual clause is void for vagueness when it serves to "fix[]" a sentence. *Johnson*, 135 S. Ct. at 2557. And because the mandatory Guidelines' identically worded residual clause fixed the sentences of pre-*Booker* career offenders, I would conclude under *Johnson* that it violates due process. *Brown*, 868 F.3d at 309–11 (Gregory, C.J., dissenting).

Ultimately, the constitutionality of pre-*Booker* sentences fixed by the Guidelines' residual clause is a question for the Supreme Court—and one I urge it to answer soon. But the Court today misses an opportunity to provide justice for hundreds of defendants imprisoned because of an unconstitutionally vague sentencing provision.