**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6821**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAM QUINTON WALLACE, a/k/a Gugang, a/k/a Ronald Knight,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Senior District Judge.  (4:07-cr-00123-RBS-JEB-2; 4:16-cv-00036-RBS)

Submitted:  December 20, 2019                    Decided:  December 30, 2019

Before AGEE, THACKER, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Sam Quinton Wallace, Appellant Pro Se.  Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sam Quinton Wallace appeals the district court's order dismissing his 28 U.S.C. § 2255 (2018) motion as untimely. Upon our initial review, we granted a certificate of appealability and directed a response from the Government as to two issues: (1) whether, in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), the district court erred in dismissing Wallace's motion as untimely; and (2) whether Wallace's 18 U.S.C. § 924(c) (2018) conviction violates due process in light of *Davis* and *United States v. Simms*, 914 F.3d 229 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019). Having reviewed the parties' submissions, we vacate the district court's order and remand for further proceedings.

We review de novo a district court's denial of a § 2255 motion. *United States v. Murillo*, 927 F.3d 808, 815 (4th Cir. 2019). All § 2255 motions are subject to a one-year statute of limitations, which—as relevant here—runs from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3); *see United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (describing timeliness under § 2255(f)(3)).

Wallace's § 2255 motion sought to challenge the continued validity of his § 924(c) conviction in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court determined that Wallace's motion was untimely because it was filed years after his conviction became final, and he was not eligible for the delayed

2

commencement period provided by § 2255(f)(3), given that *Johnson* did not extend to the residual clause of § 924(c)(3)(B). However, at the time of its decision, the court did not have the benefit of the Supreme Court's decision in *Davis* or our decision in *Simms*.

Accordingly, we vacate the district court's order and remand this case to the district court for further consideration of Wallace's motion, including its timeliness under § 2255(f) and Wallace's request to file an amended motion.* We deny Wallace's motions for counsel. We deny as moot Wallace's motions to remove his case from abeyance, for a status report, and to expedite decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

* The Government requests that we uphold the district court's dismissal on the alternative ground that Wallace's § 924(c) conviction remains valid following *Davis* and *Simms*, as the conviction was predicated on two offenses that were unaffected by those authorities. We conclude that the available record is inadequate to permit us to resolve this issue, *see Brown v. United States*, 942 F.3d 1069, 1073-74 (11th Cir. 2019) (per curiam), and, thus, any consideration of that argument should be made by the district court in the first instance.