**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7080**

UNITED STATES OF AMERICA,

             Plaintiff − Appellee,

      v.

MELVIN MATTHEW RUMPH, a/k/a Big Man, a/k/a Big Fifty, a/k/a Fats,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis, III, Senior District Judge.  (1:01-cr-00115-TSE-1; 1:16-cv-00784-TSE)

Argued:  May 27, 2020                                          Decided:  August 26, 2020

Before MOTZ and DIAZ, Circuit Judges, and Max O. COGBURN, Jr., United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Daniel Taylor Young, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Melvin Matthew Rumph filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or modify his sentence, imposed pursuant to the then-mandatory Sentencing Guidelines, on the ground that the Guidelines' residual clause is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court denied Rumph's motion as untimely. Because we remain bound by our decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), which rejected as untimely the same *Johnson*-based challenge to the mandatory Guidelines' residual clause that Rumph raises here, we affirm.

I.

In March 2001, Rumph pleaded guilty to conspiring to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Probation Office calculated Rumph's sentencing range under the then-mandatory Sentencing Guidelines. As relevant here, the Probation Office concluded that Rumph's two prior burglary convictions qualified as "crime[s] of violence," so it applied the career-offender sentencing enhancement. *See* U.S.S.G. § 4B1.1. At the time, the mandatory Guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

3

U.S.S.G. § 4B1.2(a) (2000) (emphasis added). The italicized portion of subsection (2) is known as the "residual clause."

Rumph's resulting mandatory Guidelines range was 262 to 327 months' imprisonment. In June 2001, the district court sentenced Rumph to 262 months.

In April 2005, Rumph moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his plea was involuntary, his counsel was ineffective, and his sentence was based on a miscalculation of the Guidelines. The district court denied the motion as untimely pursuant to 28 U.S.C. § 2255(f)(1), which requires petitioners to bring § 2255 motions within one year of the date on which their judgment of conviction became final. *See United States v. Rumph*, No. 1:01cr115, 2006 WL 1889740, at *2 (E.D. Va. July 7, 2006). Rumph sought to appeal, but we denied a certificate of appealability and dismissed the appeal. *United States v. Rumph*, 212 F. App'x 187 (4th Cir. 2007) (unpublished) (per curiam).

Nine years later, Rumph asked this court for authorization (pursuant to 28 U.S.C. § 2244) to file a second § 2255 motion. We granted the request, and Rumph filed the instant motion, contending that his sentence must be vacated in light of the Supreme Court's decision in *Johnson v. United States*. There, the Court held that the residual clause in the Armed Career Criminal Act's ("ACCA") definition of "violent felony," which is identically worded to the residual clause in the mandatory Guidelines, is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557–60. Rumph contends that under *Johnson*, the residual clause in the mandatory Guidelines is likewise unconstitutionally vague and that, because

4

his burglary convictions don't otherwise qualify as crimes of violence under U.S.S.G. § 4B1.2(a) (2000), he shouldn't have been sentenced as a career offender.

The district court denied Rumph's motion as untimely pursuant to the one-year statute of limitations in § 2255(f)(1). It also held that the motion wasn't timely under 28 U.S.C. § 2255(f)(3), which deems motions based on newly recognized rights timely if they are filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court." The court concluded that *Johnson* "did not establish a new 'right' applicable to [Rumph] or the mandatory Guidelines." *United States v. Rumph*, No. 1:16cv784 (E.D. Va. June 19, 2017).

The district court, however, did grant Rumph a certificate of appealability. This appeal followed.

## II.

The timeliness of Rumph's § 2255 motion turns on whether we remain bound by our decision in *United States v. Brown*, which was decided three days after Rumph noted his appeal and which rejected as untimely the same *Johnson*-based challenge to the mandatory Guidelines' residual clause that Rumph raises here. Rumph contends that the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and this court's en banc decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), undermine *Brown* such that we are no longer bound by it. We disagree.

5

Like Rumph, Brown was sentenced as a career offender under the mandatory Guidelines and filed a § 2255 motion challenging his sentence under *Johnson*. *See Brown*, 868 F.3d at 299–300. And like Rumph, Brown asserted that his motion was timely under § 2255(f)(3) because he had filed it within one year of *Johnson*, which he claimed newly recognized the right to be free from the application of a residual clause that is unconstitutionally vague for the same reasons as the one in *Johnson*. *See id.* at 301–302.

We rejected Brown's motion as untimely. Interpreting § 2255(f)(3)'s requirement that a petitioner "file[] a motion within one year from the date on which the right asserted was initially recognized by the Supreme Court," we explained that to "recognize" something is "to acknowledge it formally" or "to acknowledge or take notice of it in some definite way." *Id.* at 301 (cleaned up). "Thus, a Supreme Court case has 'recognized' an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way." *Id.* We reasoned that "[c]orrespondingly, if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *Id.* And we stated that the Supreme Court must have recognized the right in a holding because, under our Antiterrorism and Effective Death Penalty Act jurisprudence, we may not "extrapolat[e] beyond the Supreme Court's holding to apply what we view as its reasoning and principles to different facts under a different statute or sentencing regime." *Id.* at 299 (cleaned up).

Turning to Brown's reliance on *Johnson*, we explained that *Johnson* "dealt only with the residual clause of [the] ACCA" and "did not discuss the mandatory Sentencing Guidelines' residual clause." *Id.* at 302. Thus, *Johnson* didn't recognize the right Brown

6

asserted. *See id.* We also rejected Brown's invitation to "cobble together a right by combining *Johnson*'s reasoning with that of two other Supreme Court cases" because they too "le[ft] open the question of whether defendants could challenge sentences imposed under the mandatory Sentencing Guidelines as void for vagueness." *Id.* And because one of those cases in particular—*Beckles v. United States*, 137 S. Ct. 886 (2017)—held that *Johnson* didn't invalidate the residual clause of the *advisory* Guidelines despite being identically worded to the ACCA's residual clause, we concluded that "the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to [the] ACCA's residual clause." *Id.* In sum, because none of these cases recognized in a holding the right Brown asserted, the motion wasn't timely under § 2255(f)(3). *See id.* at 303.

*Brown* compels the conclusion that Rumph's § 2255 motion is likewise untimely, given that we are bound by circuit precedent. But a panel holding is no longer binding if it has been "clearly undermined by . . . more recent Supreme Court decisions," *United States v. Williams*, 155 F.3d 418, 421 (4th Cir. 1998), or by an en banc decision from our court, *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). And Rumph contends that two Supreme Court cases and an en banc decision from this court undermine *Brown*.

Rumph directs us to *Davis*, *Dimaya*, and *Simms*, which each held (based on the reasoning in *Johnson*) that residual clauses in other statutes are unconstitutionally vague. *See Davis*, 139 S. Ct. at 2326–27 (18 U.S.C. § 924(c)(3)(B)); *Dimaya*, 138 S. Ct. at 1213–16 (18 U.S.C. § 16(b)); *Simms*, 914 F.3d at 236–37 (18 U.S.C. § 924(c)(3)(B)). Rumph

7

urges that these cases undermine *Brown* because they show that *Johnson*'s reasoning isn't limited to the ACCA's residual clause.

Rumph's argument misses *Brown*'s point. *Brown* established an interpretive framework for determining whether the Supreme Court has recognized a right under § 2255(f)(3), holding that the Court has done so *only* if it has "formally acknowledged th[e] right" in a holding. *Brown*, 868 F.3d at 301. *Davis*, *Dimaya*, and *Simms* do nothing to undermine this framework. And under it, the Court hasn't recognized the right that Rumph asserts until it holds that the mandatory Guidelines' residual clause is unconstitutionally vague or that *all* residual clauses similarly worded to the ACCA's residual clause are unconstitutionally vague. As we explained in *Brown*, *Johnson* didn't so hold, and *Davis*, *Dimaya*, and *Simms* don't either. Thus, the right Rumph asserts "remains an open question as a matter of Supreme Court precedent." *See id.*

As such, under *Brown*'s binding framework, Rumph hasn't asserted a right newly recognized by the Supreme Court, and his motion isn't timely under § 2255(f)(3). Accordingly, we need not take up the government's additional arguments for dismissing Rumph's motion.

\* \* \*

For the reasons given, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

8