**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7573**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

DON ANTONIO DANDRIDGE,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:03-cr-00119-JPJ-RSB-1; 1:16-cv-81046-JPJ-RSB)

Submitted:  December 29, 2020                   Decided:  January 13, 2021

Before NIEMEYER and MOTZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frederick T. Heblich, Jr., Interim Federal Public Defender, Christine Madeleine Lee, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Don Antonio Dandridge appeals from the district court's order dismissing his 28 U.S.C. § 2255 motion, finding his motion untimely filed. The district court granted a certificate of appealability. On appeal, Dandridge asserts that his motion is timely under 28 U.S.C. § 2255(f)(3), pursuant to *United States v. Johnson,* 576 U.S. 591 (2005). We affirm.

A one-year statute of limitations applies to the filing of § 2255 motions. 28 U.S.C. § 2255(f). While Dandridge's motion was filed years after his conviction became final, he asserts that his motion is timely under § 2255(f)(3), which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Under subsection (3), "courts will consider a [movant's] motion timely if (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from the date on which the right asserted was initially recognized by the Supreme Court, and (3) the Supreme Court or this court has made the right retroactively applicable." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (internal quotation marks and citation omitted). Although this court can render a right retroactively applicable, only the Supreme Court may "recognize a new right under § 2255(f)(3)." *Id.* Thus, for Dandridge's § 2255 motion to qualify as timely, it must rely on a right "'recognized' in *Johnson* or another more recent Supreme Court case. *Id.* A Supreme Court case recognizes an asserted right under § 2255(f)(3) "if it has formally acknowledged that right in a definite way." *Id.*

2

Dandridge relied on the retroactively-applicable *Johnson*, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), in his § 2255 motion challenging his career offender status. However, as *Brown* confirmed, *Johnson* dealt only with the ACCA's residual clause and did not recognize that other residual clauses similarly worded to the ACCA's residual clause—like the career offender guidelines—are unconstitutionally vague. 868 F.3d at 303. Accordingly, under *Brown*'s framework, which is binding and unaltered by subsequent case law, Dandridge did not assert a right newly recognized by the Supreme Court, and his motion, therefore, does not qualify as timely under § 2255(f)(3).

As such, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*