**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6075**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYE LANFORD SARRATT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:01-cr-00016-GCM-1; 3:16-cv-00365-GCM)

Submitted: February 11, 2021                    Decided: February 22, 2021

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tye L. Sarratt appeals the district court's order dismissing his 28 U.S.C. § 2255 motion as untimely filed. We issued a certificate of appealability to consider whether Sarratt timely challenged his mandatory career offender Sentencing Guidelines enhancement as invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* 28 U.S.C. § 2253(c)(1)(B); *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We affirm.

A one-year statute of limitations applies to the filing of § 2255 motions. 28 U.S.C. § 2255(f). While Sarratt's motion was filed years after his conviction became final, he asserts that his motion is timely under § 2255(f)(3), which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Under subsection (3),

> courts will consider a petitioner's motion timely if (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from the date on which the right asserted was initially recognized by the Supreme Court, and (3) the Supreme Court or this court has made the right retroactively applicable.

*United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (internal quotation marks and citation omitted). Although this court can render a right retroactively applicable in some contexts, only the Supreme Court may "recognize a new right under § 2255(f)(3)." *Id.* Thus, for Sarratt's motion to qualify as timely, it must rely on a right "recognized in *Johnson* or another more recent Supreme Court case." *Id.* (internal quotation marks

2

omitted). A Supreme Court case recognizes an asserted right under § 2255(f)(3) "if it has formally acknowledged that right in a definite way." *Id.*

Sarratt relied on the retroactively applicable rule from *Johnson*, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), in his § 2255 motion challenging his career offender status. However, as *Brown* confirmed, the Supreme Court in *Johnson* dealt only with the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), and did not recognize that other residual clauses worded similarly to the ACCA's residual clause—like that in the career offender Guidelines—are unconstitutionally vague. 868 F.3d at 303. Accordingly, under *Brown*'s framework, which is binding and unaltered by subsequent case law, Sarratt did not assert a right newly recognized by the Supreme Court, and his motion, therefore, does not qualify as timely under § 2255(f)(3).

Accordingly, we affirm the district court's order, deny Sarratt's motion to schedule oral argument, and grant the Government's motion to file a surreply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*