**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6090**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE MCBRIDE, a/k/a Benzo,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:00-cr-00069-MR-3; 1:16-cv-00201-MR)

Submitted: December 16, 2021                Decided: December 17, 2021

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George McBride seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2255 motion. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc) (explaining that § 2255 motions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2255(f)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

McBride relied on the retroactively-applicable *Johnson v. United States*, 576 U.S. 591 (2015), in his § 2255 motion challenging his career offender status. However, as we confirmed in *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017), *Johnson* dealt only with the residual clause of the Armed Career Criminal Act ("ACCA") and did not recognize that other residual clauses similarly worded to the ACCA's residual clause—like the career offender guidelines—are unconstitutionally vague. 868 F.3d at 303. Accordingly, under *Brown*'s framework, which is binding and unaltered by subsequent case law, McBride did not assert a right newly recognized by the Supreme Court. Therefore, his motion was not timely under § 2255(f)(3).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*