**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-7234**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RALPH GRAHAM,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:01-cr-00035-GCM-1; 3:16-cv-00366-GCM)

_____

Submitted: April 25, 2023                              Decided: April 27, 2023

_____

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph Graham seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. In 2001, a jury convicted Graham of Hobbs Act robbery, 18 U.S.C. § 1951, two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c). The district court sentenced Graham as a career offender to a total of 294 months' imprisonment. This court affirmed. *United States v. Graham*, 73 F. App'x 588 (4th Cir. 2003) (No. 01-4897).

In his § 2255 motion, Graham argued that, under *Johnson v. United States*, 576 U.S. 591 (2015), he no longer qualified as a career offender and that his § 924(c) conviction was invalid. The district court concluded that, although Graham was sentenced under a mandatory Sentencing Guidelines scheme (i.e., pre-*United States v. Booker*, 543 U.S. 220 (2005)), his motion was nevertheless time-barred, citing *United States v. Brown*, 868 F.3d 297, 299 (4th Cir. 2017) (upholding dismissal as untimely of § 2255 movant's *Johnson* challenge to career offender enhancement imposed under mandatory Guidelines scheme). The district court also dismissed Graham's § 924(c) challenge based on *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding Hobbs Act robbery is categorically a crime of violence under § 924(c)). On appeal, Graham asks this court to revisit its decision in *Brown*.

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies

2

this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Graham has made the requisite showing. While Graham's claim is untimely given our decision in *Brown*, 868 F.3d at 299, the holding in *Brown* is at least debatable, as are the merits of Graham's claim, *see id.* at 304-11 (Gregory, C.J., dissenting). Therefore, we grant a certificate of appealability on Graham's claim challenging *Brown*. However, because one panel of this Circuit cannot overrule the decision of another, we affirm. *See McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3