**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2906
_____

UNITED STATES OF AMERICA

v.

ROY ALLEN GREEN,
                              Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 4-01-cr-00397-001)
District Judge:  Hon. Matthew W. Brann

Argued:  June 13, 2018
_____

Before:  CHAGARES, GREENBERG, and
FUENTES, Circuit Judges.

(Filed: August 6, 2018)

Heidi R. Freese
Federal Public Defender
Frederick W. Ulrich        [ARGUED]
Assistant Federal Public Defender
Tammy L. Taylor
Staff Attorney
Office of Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
        *Counsel for Appellant*

John P. Cronan
Matthew S. Miner
John M. Pellettieri        [ARGUED]
U.S. Department of Justice
950 Pennsylvania Ave, N.W., Rm. 1260
Washington, D.C. 20530

David J. Freed
Stephen R. Cerutti II
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
250 Federal Building and Courthouse
Harrisburg, PA 17108

George J. Rocktashel
Office of United States Attorney
240 West Third Street, Suite 316
Williamsport, PA 17701
        *Counsel for Appellee*

_____

OPINION

_____

CHAGARES, <u>Circuit Judge</u>.

Roy Allen Green appeals the District Court's order dismissing his 28 U.S.C. § 2255 motion challenging his sentence arising from his conviction for assault with intent to commit murder. In setting Green's sentence, the District Court determined that he was a career offender under the residual clause of the then-mandatory Sentencing Guidelines. Green contends that the residual clause in the career offender Sentencing Guideline is unconstitutionally vague pursuant to <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in which the Supreme Court voided the similar residual clause in the Armed Career Criminal Act ("ACCA"). The Government, relying upon the Supreme Court's recent opinion in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017) — holding that vagueness challenges cannot be brought to the advisory Sentencing Guidelines — contends that Green's motion is untimely because the one-year statute of limitations period to bring a challenge on collateral review had passed by the time he filed this motion. We must decide whether <u>Johnson</u> constituted a newly recognized right, thus providing Green a year from when <u>Johnson</u> was decided to file his § 2255 motion. We conclude that it did not, and will therefore affirm the District Court.

I.

In 2001, Green was sentenced to 687 months of imprisonment for convictions on federal drug and firearms charges, including a conviction for conspiracy to distribute methamphetamine. Later that same year, while serving that sentence, Green attacked another inmate with a shank. Green then pleaded guilty to one count of assault with intent to commit murder, in violation of 18 U.S.C. § 113(a)(1). At sentencing, the District Court determined that Green qualified as a "career offender" under the residual clause of the then-mandatory Sentencing Guidelines.[1] The Presentence Report ("PSR") did not specify which of Green's prior convictions qualified as predicate offenses, but cross-referenced sections of the PSR that listed a federal drug conviction and California convictions for robbery and assault on a parole agent. Green's classification as a career offender resulted in a Guidelines range of 151 to 188 months of imprisonment. Absent the career-offender designation, Green's Guidelines range would have been 100 to 125 months of imprisonment. Green did not object to the PSR, and the District Court sentenced him to 151 months of imprisonment, to run consecutively to the 687 months of imprisonment that he was already serving.

Green timely appealed, and we ultimately affirmed his conviction and sentence. United States v. Green, 117 F. App'x

---

[1] United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2(a) (2001) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.").

4

185, 185 (3d Cir. 2004). Within one year of the Supreme Court's decision in Johnson, Green filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255. Green argued that in light of Johnson, the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague. The District Court stayed the motion until the Supreme Court decided Beckles. After Beckles was decided, the District Court dismissed Green's motion as untimely under 28 U.S.C. § 2255(f), holding that Green did not assert a right that was newly recognized by the Supreme Court. The District Court granted a certificate of appealability "on the issue of whether United States v. Johnson, 135 S. Ct. 2551 (2015), 'newly recognize[s]' a right for petitioner under 28 U.S.C. § 2255(f)(3)." Appendix ("App.") 10. This timely appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 2253(a) & (c). On appeal of an order denying a § 2255 motion, we review a district court's legal conclusions de novo and factual findings for clear error. United States v. Travillion, 759 F.3d 281, 289 (3d Cir. 2014).

## III.

Green argues that the Supreme Court's opinion in Johnson, holding the residual clause of the ACCA unconstitutionally vague, also applies to cases involving the residual clause in the mandatory Sentencing Guidelines. The Government argues that due to the Supreme Court's recent opinion in Beckles, which held that the residual clause in the

5

advisory Sentencing Guidelines could not be subject to a void-for-vagueness challenge pursuant to <u>Johnson</u>, we need not reach the merits of Green's motion because Green's challenge is untimely. The Government contends that the statute of limitations began running when Green's conviction became final in 2005, and thus the one-year statute of limitations period to bring a challenge on collateral review had long since passed by the time he filed this motion. Green responds that his motion is timely because it was filed within one year of <u>Johnson</u>, which restarted his limitations period by recognizing a new rule of constitutional law that applies to Green.

A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Accordingly, a petitioner seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to file his petition. Id. § 2255(f)(1); see also Dodd v. United States, 545 U.S. 353, 357 (2005). The statute also provides for three limited, alternative circumstances in which the one-year limitations period will begin to run. Here, Green contends that § 2255(f)(3) applies, and that Johnson restarted his statute of limitations period by newly recognizing the right on which his petition relies. In Dodd, the Supreme Court held that the limitations period restarts on the date of the Supreme Court decision initially recognizing the right, and not the date of the decision that thereafter makes the right retroactively applicable to cases on collateral review. See 545 U.S. at 357 ("An applicant has one year from the date on which the right he asserts was initially recognized by this Court.").

We must begin with the text of 28 U.S.C. § 2255(f)(3) to address Green's timeliness argument. See Rotkiske v. Klemm, 890 F.3d 422, 425 (3d Cir. 2018) (en banc). Plainly, if the "right" that Green "assert[s]" has been "recognized" by the Supreme Court within one year of the date Green filed his motion, then his motion is timely. We must determine whether the Supreme Court has recognized the right asserted by Green.

As the Supreme Court has observed, "[a] common . . . definition of the word 'recognize' is 'to acknowledge or treat as valid.'" Tapia v. United States, 564 U.S. 319, 327 (2011) (quoting Random House Dictionary of the English Language 1611 (2d ed. 1987)). Thus, the Supreme Court must have formally acknowledged or treated as valid the right asserted by Green for it to be "recognized" within the meaning of § 2255(f)(3). This recognition of a right must also be

7

definite.  See United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017) ("To 'recognize' something is (1) 'to acknowledge [it] formally' or (2) 'to acknowledge or take notice of [it] in some definite way.'" (quoting Recognize, Merriam-Webster Tenth Collegiate Dictionary 976 (1996))).

Green contends that the right underlying his claim was initially recognized when Johnson was decided, and maintains that the statute of limitations period began to run anew from that point.  The Government argues that Green's motion, filed within one year of Johnson but more than one year after his conviction became final, is untimely because the limitations period in § 2255(f)(3) does not apply, as the Supreme Court has neither recognized nor made retroactively available the right on which Green relies.

To determine whether Green can rely on Johnson to challenge his sentence, we next turn to the Supreme Court's decisions on the ACCA's residual clause and the Sentencing Guidelines.  In Johnson, the Supreme Court considered a due process challenge to the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii).  The ACCA applies to a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g).  See 18 U.S.C. § 924(a)(2).  Ordinarily, the punishment for a violation of this prohibition is a maximum of 10 years of imprisonment.  See id.  However, if a defendant is an armed career criminal, the ACCA imposes a mandatory minimum sentence of 15 years and a statutory maximum sentence of life.  Id. § 924(e)(1).  A defendant qualifies as an armed career criminal if, in relevant part, he has three or more previous convictions for a "violent felony" or a "serious drug offense."  Id.  Before Johnson, the definition of "violent felony" had three operative clauses:  one enumerating offenses,

8

one enumerating elements, and the residual clause. Id. § 924(e)(2)(B). The residual clause defined a crime as a "violent felony" if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii).

The Supreme Court in Johnson held that the ACCA residual clause was unconstitutionally vague. 135 S. Ct. at 2563. The Court explained that the Fifth Amendment's vagueness doctrine bars the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Id. at 2556. These principles apply to laws "defining elements of crimes" or "fixing sentences." Id. at 2557. The ACCA was a law "fixing sentences." Beckles, 137 S. Ct. at 892. The Court in Johnson held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. In Welch v. United States, the Supreme Court resolved the issue of Johnson's retroactivity, holding that it is retroactive to cases on collateral review. 136 S. Ct. 1257, 1264 (2016).

In Beckles, the Supreme Court considered a challenge relying upon Johnson to the residual clause in the career offender Guideline. 137 S. Ct. at 890. The career offender Guideline applies where "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (2011). Until recently, the career offender Guideline defined a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

Beckles, 137 S. Ct. at 890-91 (quoting U.S.S.G. § 4B1.2(a) (2008) (emphasis added)).

The residual clause of the career offender Guideline (the emphasized language immediately above) became effective November 1, 1989. See U.S.S.G. App. C, Amend. 268 (1989). It has spanned two eras in sentencing under the Sentencing Guidelines: before and after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Before Booker, the Sentencing Guidelines had "the force and effect of laws" and were "mandatory and binding on all judges." Id. at 233-34. District courts were required to "impose a sentence of the kind, and within the range," set by the Guidelines. Id. at 234 (quoting 18 U.S.C. § 3553(b)). In Booker, however, the Supreme Court held that the Sentencing Guidelines violated the Sixth Amendment. Id. at 226–27. The Court then rendered the Guidelines "advisory." Id. at 245. Now, after Booker, a court must "consider Guidelines ranges" but may "tailor the sentence in light of other statutory concerns as well." Id. at 245 (citing 18 U.S.C. § 3553(a)). The resulting sentence may vary from the Guidelines range. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

10

The Supreme Court in <u>Beckles</u> rejected a challenge, based upon <u>Johnson</u>, to the residual clause in the advisory Guidelines. <u>Beckles</u>, 137 S. Ct. at 890. The Court held that "the advisory Guidelines are not subject to vagueness challenges." <u>Id.</u> Because the advisory Guidelines do not "fix the permissible sentences for criminal offenses," the Court determined that the advisory Guidelines cannot be challenged as constitutionally vague. <u>Id.</u> at 892 (emphasis omitted). Rather, the advisory Guidelines "merely guide the exercise of a court's discretion." <u>Id.</u> The Court explained that the two principles governing the vagueness doctrine — notice and avoiding arbitrary enforcement — do not apply to the advisory Guidelines. <u>Id.</u> at 894.

The Court in <u>Beckles</u> limited its holding to the advisory guidelines. <u>Id.</u> at 890. It did not address the mandatory Sentencing Guidelines. Indeed, in a concurring opinion in <u>Beckles</u>, Justice Sotomayor noted that the majority left "open the question whether defendants sentenced to terms of imprisonment before [the Supreme Court's] decision in <u>United States v. Booker</u>—that is, during the period in which the Guidelines <u>did</u> 'fix the permissible range of sentences,'—may mount vagueness attacks on their sentences." <u>Id.</u> at 903 n.4 (Sotomayor, J., concurring) (citations omitted).

Green contends that the Court in <u>Johnson</u> recognized a right to not have a sentence determined by a vague residual clause in a law that fixes sentences because that "denies fair notice to defendants and invites arbitrary enforcement by judges." <u>Johnson</u>, 135 S. Ct. at 2557. He claims that he is asserting that same right here. He contends that this right is a natural application of the reasoning of the Court's decisions

11

in Johnson, Booker, and Beckles, because the residual clause in the Sentencing Guidelines contains the same language as — and was derived from the residual clause in — the ACCA. Compare U.S.S.G. § 4B1.2(a)(1) (2001), with 18 U.S.C. § 924(e)(2)(B)(ii). Accordingly, he argues, the mandatory Sentencing Guidelines and the ACCA have an equivalent effect on a district court's sentencing discretion. Green maintains that the mandatory Guidelines raise the same constitutional infirmities as did the ACCA, as articulated in Johnson, and implicate an equivalent right to be free of the same unconstitutionally vague language. Further, he argues that the Supreme Court has made clear that this right in Johnson applies to the mandatory Guidelines because the Court in Booker recognized a constitutional distinction between the mandatory Guidelines and the advisory Guidelines, Booker, 543 U.S. at 245, and then limited its holding in Beckles to the advisory Guidelines, Beckles, 137 S. Ct. at 895.

The Government counters that Green takes an overly broad reading of the "right" that was recognized in Johnson. It contends that the Supreme Court has never recognized a due process right to bring a vagueness challenge to the mandatory Sentencing Guidelines. To the contrary, it argues that the Court in Beckles held that the advisory Guidelines cannot be challenged on vagueness grounds, and in so doing, expressly "le[ft] open" and "t[ook] no position on" the question of whether the mandatory Guidelines could be challenged on vagueness grounds. Beckles, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring). The Government contends that if a question has been expressly left open by the Supreme Court, by definition it has not been "recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). We agree.

12

If Johnson had provided the last word on this issue, we might be persuaded by Green's arguments; however, we are also bound by the Court's ruling in Beckles. Before Beckles was decided, we, along with the majority of the Courts of Appeals to consider the question, concluded that the holding in Johnson dictated that the residual clause in the now-advisory Sentencing Guidelines was also void for vagueness.[2] But in Beckles, the Supreme Court did not apply Johnson to the advisory Sentencing Guidelines. Instead, it cabined the reach of Johnson, making clear that despite identical language between the residual clauses of the ACCA and the Sentencing Guidelines, whether the mandatory Sentencing Guidelines are amenable to a vagueness challenge remains a separate and open question.

Accordingly, in light of Beckles, Johnson's holding as to the residual clause in the ACCA created a right only as to the ACCA, and not a broader right that applied to all similarly worded residual clauses, such as that found in the advisory Sentencing Guidelines. The Supreme Court in Johnson recognized a right to not be sentenced under a statute that "fixed—in an impermissibly vague way—a higher range of sentences for certain defendants." Beckles, 137 S. Ct. at 892.

---

[2] See United States v. Hurlburt, 835 F.3d 715, 725 (7th Cir. 2016) (en banc) (applying Johnson to the Sentencing Guidelines); United States v. Sheffield, 832 F.3d 296, 312-13 (D.C. Cir. 2016) (same); United States v. Calabretta, 831 F.3d 128, 133-34 (3d Cir. 2016) (same); United States v. Madrid, 805 F.3d 1204, 1210-11 (10th Cir. 2015) (same); United States v. Pawlak, 822 F.3d 902, 911 (6th Cir. 2016) (same). But see United States v. Matchett, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding that Johnson did not apply to the Sentencing Guidelines).

13

It says nothing about a parallel right to not be sentenced under Sentencing Guidelines, whether advisory or mandatory.

Thus, we agree with the Government that Johnson did not recognize a right to bring a vagueness challenge to the mandatory Sentencing Guidelines. As the Court in Beckles clarified, that remains an open question. By its very nature, the Supreme Court has not acknowledged any answer to an open question, let alone a definite one. Since the Supreme Court has not determined whether the mandatory Sentencing Guidelines are even subject to vagueness challenges in the first instance, it certainly has not "recognized" the right to bring a successful vagueness challenge to the mandatory Guidelines' residual clause. And because no Supreme Court case has recognized the right that Green asserts, he cannot rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period.

Our decision is in line with those of many of our sister circuits. Faced with the same question, the Courts of Appeals for the Fourth, Sixth, and Tenth Circuits have also concluded that the Supreme Court has not "recognized" a right to bring a vagueness challenge to the mandatory Sentencing Guidelines. See United States v. Greer, 881 F.3d 1241, 1247 (10th Cir. 2018) ("The right that Mr. Greer 'asserts' is a right not to be sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines. The Supreme Court has recognized no such right. And nothing in Johnson speaks to the issue."); Brown, 868 F.3d at 299 n.1 ("If a question is expressly left open, then the right, by definition, has not been recognized."); Raybon v. United States, 867 F.3d 625, 630 (6th Cir. 2017) (holding that "[b]ecause it is an open question, it is not a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively

14

applicable to cases on collateral review.'" (quoting 28 U.S.C. § 2255(f)(3))).[3]

The Court of Appeals for the Seventh Circuit, however, has recently come to the opposite conclusion, holding that a petitioner can rely on 28 U.S.C. § 2255(f)(3) and timely file a petition challenging a sentence under the residual clause of the mandatory Sentencing Guidelines within one year of Johnson. See Cross v. United States, 892 F.3d 288, 293-94 (7th Cir. 2018). We are not persuaded by the court's brief analysis on this issue, which effectively reads "recognized" out of 28 U.S.C. § 2255(f)(3) by not engaging in an inquiry into whether the right asserted by the petitioner is the same right that was recognized by the Supreme Court, and does not even acknowledge the fact that the Supreme Court in Beckles noted that this precise question remains open with respect to the mandatory Sentencing Guidelines.

We also note that our decision in In re Hoffner, 870 F.3d 301 (3d Cir. 2017), does not compel a different result.

---

[3] The Court of Appeals for the First Circuit has expressed doubts about the decisions reached by the Courts of Appeals for the Fourth and Sixth Circuits. See Moore v. United States, 871 F.3d 72, 82-83 (1st Cir. 2017). However, Moore concerned the different question of whether a petitioner was permitted to file a successive habeas petition in light of Johnson. The timeliness question was not before the court. The court left the timeliness question, along with any determination on the merits, for the district court to decide in its consideration of the successive petition in the first instance, see id. at 84, and does not appear to have directly addressed those questions since.

In <u>Hoffner</u>, we considered only whether a petitioner had made a "prima facie showing," pursuant to 28 U.S.C. § 2244(b)(3)(C), that his claim relied on <u>Johnson</u> such that he was entitled to file a successive petition. <u>Id.</u> at 302-03. In determining that the petitioner had done so, we applied a "permissive and flexible" standard, and expressly noted that it is for the district court to decide in the first instance whether the claim had merit or whether the petitioner's reliance on <u>Johnson</u> "is misplaced." <u>Id.</u> at 308-09 (quoting <u>In re Arnick</u>, 826 F.3d 787, 791 (5th Cir. 2016) (Elrod, J., dissenting)). Here, by contrast, before reaching the merits of Green's requested relief, we must consider the question we left to the district court in <u>Hoffner</u>, that is, whether Green can rely on <u>Johnson</u> as a rule "recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). Thus, because we were concerned there only with whether the petitioner had satisfied this prima facie standard, <u>Hoffner</u> does not control our holding here.[4]

We hold that Green's motion is untimely in light of the plain language of 28 U.S.C. § 2255(f)(3) and the Supreme Court's indication in <u>Beckles</u> that it remains an open question whether the mandatory Sentencing Guidelines can be subject to vagueness challenges. In so holding, we do not speak to the merits of Green's claim, and do not decide whether the residual clause in the mandatory Sentencing Guidelines is unconstitutionally vague. Only the Supreme Court can

---

[4] The Court of Appeals for the Fourth Circuit has reached the same conclusion with respect to its own analogous precedent allowing the filing of a successive petition pursuant to § 2255(h)(2). <u>See</u> <u>Brown</u>, 868 F.3d at 304.

16

recognize the right that would render Green's motion timely under § 2255(f)(3).[5]

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] We note that if the Supreme Court does recognize such a right, Green would then have one year from that date to bring a subsequent petition relying on that decision.