**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1897
_____

UNITED STATES OF AMERICA,

v.

RICHARD ALLEN WOLFE,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:99-cr-00256-001)
District Judge:  Hon. Malachy E. Mannion

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 4, 2019

Before:  CHAGARES and HARDIMAN, <u>Circuit</u> <u>Judges</u>, and GOLDBERG, <u>District</u>
<u>Judge</u>[+].

(Filed April 29, 2019)

_____

OPINION[*]
_____

[+] The Honorable Mitchell S. Goldberg, United States District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.
[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Defendant Richard Allen Wolfe challenges the dismissal of his 28 U.S.C. § 2255 motion. He argues that Johnson v. United States, 135 S. Ct. 2551 (2015), renders the residual clause of the mandatory United States Sentencing Guidelines' career offender provision — pursuant to which he was sentenced — unconstitutionally vague. This argument is untimely under United States v. Green, 898 F.3d 315 (3d Cir. 2018), cert. denied, No. 18-8435, 2019 WL 1243704 (U.S. Apr. 15, 2019), and we will affirm the District Court.

I.

We write principally for the parties and therefore recite only those facts necessary to our decision. Wolfe was found guilty of bank robbery with a dangerous weapon, 18 U.S.C. § 2113(d), in 1999 and sentenced in 2000. He was found to be a career offender under United States Sentencing Guideline (the "Guidelines" or "U.S.S.G.") § 4B1.2(a) and sentenced to 262 months of imprisonment and five years of supervised release. When Wolfe was sentenced, the Guidelines were mandatory.[1] See Green, 898 F.3d at 320.

On direct appeal, we affirmed Wolfe's conviction, United States v. Wolfe, 245 F.3d 257 (3d Cir. 2001), and the Supreme Court denied his petition for writ of certiorari, Wolfe v. United States, 534 U.S. 880 (2001).

---

[1] In 2005, the Supreme Court excised "the provision of the federal sentencing statute that ma[de] the Guidelines mandatory," which rendered them "effectively advisory." United States v. Booker, 543 U.S. 220, 245 (2005).

In June 2016, Wolfe moved under 28 U.S.C. § 2255 to vacate and correct his sentence based on Johnson, 135 S. Ct. at 2557, which established that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Because, at the time of Wolfe's sentencing, U.S.S.G. § 4B1.2(a)'s residual clause contained language identical to ACCA's residual clause,[2] he asserted that, per Johnson, the former was also unconstitutional. The District Court dismissed Wolfe's motion as untimely but granted him a certificate of appealability. Wolfe timely appealed to this Court.

## II.

The District Court's jurisdiction was based on 28 U.S.C. § 2255, and we have jurisdiction under 28 U.S.C. § 2253(a) and (c). We review de novo the District Court's conclusions of law and review the court's findings of fact for clear error. United States v. Travillion, 759 F.3d 281, 289 (3d Cir. 2014).

## III.

Wolfe's appeal raises the question whether the ruling in Johnson applies to the formerly mandatory Guidelines: specifically, the residual clause of § 4B1.2(a). This Court recently determined that a motion challenging the residual clause of the mandatory Guidelines based on Johnson is untimely. See Green, 898 F.3d at 321–23. Wolfe asks

---

[2] See Johnson, 135 S. Ct. at 2555–56 ("The [ACCA] defines 'violent felony' as . . . 'any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.'" (quoting 18 U.S.C. § 924(e)(2)(B)); U.S.S.G. § 4B1.2(a) (1998) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.") (emphasis added).

3

this Court to "revisit its holding in Green and allow [him] to proceed on his motion to correct sentence." Wolfe Br. 12.

That we cannot do. See 3d Cir. I.O.P. 9.1 ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so."); see also Reilly v. City of Harrisburg, 858 F.3d 173, 177 (3d Cir. 2017) (explaining that where a prior panel's precedential opinion has not been "overruled by a decision of this Court en banc," a subsequent panel is left with no "discretion to rule otherwise absent a contrary ruling by the Supreme Court"). As Green has not been overruled by this Court en banc, or overruled or rejected by the Supreme Court, it binds this panel.

Thus, pursuant to Green, we will affirm the District Court's dismissal of Wolfe's motion as untimely. A defendant may file a 28 U.S.C. § 2255 motion within a year of a series of dates, of which the most pertinent to this appeal are "the date on which the judgment of conviction becomes final" and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). Wolfe argued before the District Court and this Court that his motion, filed nearly fifteen years after the Supreme Court's October 1, 2001 denial of his petition for writ of certiorari, was timely under 28 U.S.C. § 2255(f)(3), as it was filed within a year of Johnson. Because "Johnson did not recognize a right to bring a vagueness challenge to the mandatory Sentencing Guidelines," Wolfe "cannot rely on 28

4

U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period," rendering his motion untimely. <u>Green</u>, 898 F.3d at 321.

## IV.

For the aforementioned reasons, we will affirm the District Court's dismissal of Wolfe's motion under 28 U.S.C. § 2255 as untimely.