**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3003
_____

PAUL N. LITTLES,
                                        Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-01534)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 19, 2019

Before:  AMBRO, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed January 7, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Paul Littles appeals from the District Court's order denying his habeas petition under 28 U.S.C. § 2241 on the merits. We will vacate and remand for the District Court to dismiss his petition for lack of jurisdiction.

I.

In 1999, the District Court sentenced Littles to 360 months of imprisonment under the then-mandatory Sentencing Guidelines for his conviction of distributing a controlled substance. The District Court based that sentence in part on its determination that Little was a "career offender" under U.S.S.G. § 4B1.1 because he had two prior Pennsylvania convictions for robbery that constituted "crimes of violence" as defined in U.S.S.G. § 4B1.2(a). The District Court may have based that determination on the so-called "residual clause" definition of crime of violence contained in former § 4B1.2(a)(2).

The Supreme Court later held that the similarly worded residual clause contained in the Armed Career Criminal Act is unconstitutionally vague. See Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). Following Johnson, however, the Supreme Court held that the advisory Guidelines are not subject to such vagueness challenges. See Beckles v. United States, 137 S. Ct. 886, 890 (2017). The Supreme Court has left open the question whether the same is true of the mandatory Guidelines under which Littles was sentenced. See id. at 903 n.4 (Sotomayor, J., concurring); United States v. Green, 898 F.3d 315, 320 (3d Cir. 2018), cert. denied, 139 S. Ct. 1590 (2019).

After Johnson, but before Beckles, Littles filed pro se the § 2241 petition at issue here. He argued that Johnson invalidates the residual clause definition in former U.S.S.G. § 4B1.2(a)(2) and thus invalidates his career-offender designation. (Littles later and unsuccessfully raised the same claim in a counseled motion under 28 U.S.C. § 2255 as noted in the margin.)[1] The District Court denied Littles's § 2241 petition on the merits, and Littles now appeals.

## II.

Littles does not require a certificate of appealability for this § 2241 appeal, see Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017), and we have jurisdiction under 28 U.S.C. § 1291. The Government argues that the District Court, by contrast, lacked jurisdiction to consider Littles's claim under § 2241. See Cordaro v. United States, 933 F.3d 232, 240 & n.2 (3d Cir. 2019) (addressing the jurisdictional nature of that inquiry). The Government further argues that we should vacate and remand for that reason.

We agree. Motions under § 2255 are the presumptive means by which federal prisoners can collaterally challenge their sentences. See Bruce, 868 F.3d at 178. Federal prisoners may do so under § 2241 instead only when the § 2255 remedy "is inadequate or

---

[1] On Littles's counseled application under 28 U.S.C. §§ 2244(b)(3) and 2255(h), we authorized him to raise his Johnson claim in a successive § 2255 motion. (C.A. No. 16-1846.) The District Court later denied Littles's successive § 2255 motion as untimely pursuant to Green and, in C.A. No. 19-2974, we are separately denying his counseled request for a certificate of appealability to challenge that ruling.

ineffective." Id. (quoting 28 U.S.C. § 2255(e)). But it is the "inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). That means that a prisoner has an underlying right to assert, but "some limitation of scope or procedure" prevents the prisoner from asserting it under § 2255.

In In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), for example, we allowed a prisoner to proceed under § 2241 on a claim that the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), rendered him innocent of his crime of conviction. See Dorsainvil, 119 F.3d at 251-52.[2] We did so because, inter alia, the defendant already had filed a § 2255 motion before Bailey was decided and because Bailey—being a statutory rather than a constitutional decision—did not allow the defendant to proceed with a successive motion under § 2255. See id. at 247-48, 251.

Littles is not in that situation. Littles relies on Johnson in seeking to challenge his career-offender designation under the mandatory Guidelines. Unlike the Bailey decision

_____

[2] The Government argues that prisoners can resort to § 2241 under Dorsainvil only to challenge their innocence of a crime and not to challenge sentencing issues such as their designation as a career offender. We have not decided in a precedential opinion whether challenges to career-offender designations under the mandatory Guidelines may be brought under § 2241. See United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015). We need not do so in this case because Littles's attempt to resort to § 2241 fails for another reason as discussed below. The Government also advises us that it has changed its position on the availability of § 2241 relief and that it now believes that such relief is not available even in the situation we addressed in Dorsainvil. But the Government recognizes that this Panel is bound by Dorsainvil and, in any event, we need not address that issue either.

4

at issue in <u>Dorsainvil</u>, <u>Johnson</u> announced a new rule of constitutional law, and one that applies retroactively on collateral review. <u>See</u> <u>In re Hoffner</u>, 870 F.3d 301, 308 (3d Cir. 2017). Thus, a prisoner's prima facie reliance on <u>Johnson</u> generally permits the prisoner to proceed with a second or successive § 2255 motion. <u>See</u> <u>id.</u> at 308-09. Indeed, we authorized Littles himself to raise his <u>Johnson</u> claim in a successive § 2255 motion for that reason.

As it turns out, the District Court later denied Littles's successive § 2255 motion as untimely pursuant to <u>Green</u>. The mere fact that the statute of limitations currently prevents Littles from pursuing his <u>Johnson</u> claim under § 2255, however, does not allow him to resort to § 2241. <u>See</u> <u>Cradle</u>, 290 F.3d at 539. Instead, to proceed under § 2241, Littles would have to show that he has a right to challenge his career-offender designation under <u>Johnson</u> but that § 2255 provides no remedy. Littles's attempted resort to § 2241 fails, not because § 2255 provides no remedy, but because he does not have an underlying right to that remedy in the first place.

Our decision in <u>Green</u> makes that point clear. Like Littles, the federal prisoner in <u>Green</u> raised a <u>Johnson</u>-based challenge to his designation as a career offender under the mandatory Guidelines. The prisoner argued that his <u>Johnson</u>-based § 2255 motion was timely because he filed it within one year of the "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). We rejected that argument because "<u>Johnson</u> did not recognize a right to bring a vagueness challenge to

5

the mandatory Sentencing Guidelines." <u>Green</u>, 898 F.3d at 321. We noted, however, that the prisoner could proceed under § 2255 "if the Supreme Court does recognize such a right" in the future. <u>Id.</u> at 323 n.5.

Littles is in the same position. Littles does not presently have a right to challenge his career-offender designation under <u>Johnson</u>. If and when the Supreme Court provides that right, then § 2255 will provide the remedy.[3] Thus, because Littles may proceed under § 2255 if the right that he claims is ever recognized, the § 2255 remedy is not "inadequate or ineffective" and he may not proceed under § 2241.

III.

For these reasons, we will vacate the District Court's judgment and remand for the District Court to dismiss Littles's § 2241 petition for lack of jurisdiction. Littles's motions are denied.

---

[3] In so noting, we express no opinion on whether Littles could again satisfy the standard for proceeding with a successive § 2255 motion or on whether he might be entitled to relief on the merits.