NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2557
_____

UNITED STATES OF AMERICA

v.

FELIX ALBERTO COLLAZO,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-09-cr-00064-002)
District Judge:  Hon. A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
June 19, 2020

Before:  JORDAN, MATEY and ROTH, *Circuit Judges.*

(Filed May 19, 2021)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Defendant Felix Collazo moved for post-conviction relief to amend his sentence. He was convicted under 18 U.S.C. § 924(c), which criminalizes the carrying of a firearm during the commission of a crime of violence, the crime of violence being the predicate offense for the § 924(c) conviction. The District Court denied Collazo's motion. Following that denial, the Supreme Court held that § 924(c)(3)(B) is unconstitutional, which eliminated one of the two bases for determining whether a crime could serve as a predicate offense. We issued Collazo a certificate of appealability and will now affirm the District Court's decision declining to amend his sentence. As we explain herein, his sentence remains valid because, under the remaining basis for establishing a predicate offense for a § 924(c) conviction, he indeed committed a crime of violence.

## I.    BACKGROUND

Collazo and his co-conspirators pulled Mark McManus from his car at gunpoint, took his wallet, ordered him to provide his bank account pin number, and drove him to various ATM machines throughout the city of Harrisburg, Pennsylvania withdrawing money from his bank account. They then locked McManus in the trunk of his own car, and, after Collazo supposedly left the group, his co-conspirators abandoned the car in a remote part of the city in freezing temperatures. McManus managed to escape by kicking through the back seat of the car. The crimes against McManus were likely part of a gang initiation. The same gang had also perpetrated an earlier robbery that Collazo was not a part of.

2

A grand jury returned a five-count indictment against Collazo with additional counts against his co-conspirators for conspiracy, carjacking, Hobbs Act robbery, and violating § 924(c). Collazo pleaded guilty to Count I, conspiracy, and Count V, the § 924(c) offense. The § 924(c) charge referenced both the Hobbs Act and carjacking statutes, 18 U.S.C. §§ 1951 and 2119, indicating them as predicate offenses.[1]

At Collazo's change of plea hearing, the District Court discussed Collazo's crimes and confirmed that he wanted to plead guilty. Collazo then acknowledged the veracity of the specific facts underlying his plea:

> COURT: Now I'm going to ask [government counsel] to describe the facts in summary fashion that would satisfy these elements.
>
> GOVERNMENT COUNSEL: Thank you, Your Honor. If required to go to trial the government would present the following evidence, that on January 17th, 2009 the defendant [Collazo] and Dion Johnson robbed an individual, Mark McManus, as he parked his car in the city of Harrisburg. At gunpoint they forced him back into his car, … forced him to provide his ATM card and the identification number for that automated teller machine card, and drove Mr. McManus through the city of Harrisburg.

---

[1] The charge stated that Collazo and three others

> did intentionally and knowingly possess, carry, use, and brandish a firearm during, in relation to, and in furtherance of a crime of violence, to wit, the robbery of a vehicle and property from Mark McManus and funds from automated teller machines affecting interstate commerce, in violation of [18 U.S.C. §§ 1951, 2119], and did aid and abet the same.

(App. at 27.)

3

> Ultimately they put Mr. McManus in the trunk of his vehicle and used the ATM card and obtained cash from Mr. McManus's bank account. This bank account existed in interstate commerce, and by taking these funds by force the defendant affected interstate commerce. In the course of committing this robbery the defendant possessed a firearm in furtherance of committing this robbery.
>
> COURT: Are those things true?
>
> COLLAZO: Yes.

(App. at 34-35.) Collazo had explained, in response to the Court's inquiry about the conspiracy charge, that "[w]e just got together, we were there, and we just did it." (App. at 34.)

The U.S. Probation Office recommended an upward departure from what would ordinarily be the sentencing guidelines range, because Collazo's conduct put the victim in danger because of the freezing temperature and was therefore "extreme" under U.S.S.G. § 5K2.8. Collazo objected to that recommendation on the ground that he left the final crime scene before the victim was abandoned in the trunk of the car in dangerously cold weather. At sentencing, the Court concluded that Collazo had accepted responsibility but that the Probation Office was correct in saying the extremity of the crime warranted an upward departure. The Court thus imposed a 149-month sentence, consisting of 65 months for conspiracy, consecutive with 84 months for the § 924(c) offense.

Six years later, the Supreme Court issued *Johnson v. United States*, 576 U.S. 591 (2015), holding the "residual" clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague. *Id.* at 606. Section 924(c) includes an identically worded residual clause. *See* 18 U.S.C. § 924(c)(3)(B).

4

Based on *Johnson*, Collazo filed a Motion to Correct Sentence under 18 U.S.C. § 2255, "argu[ing] that the materially identical definition of 'crime of violence' in the 'residual clause' of Section 924(c)(3)(B) is also unconstitutionally vague and that his offense could not qualify as a 'crime of violence' under the alternative 'elements clause[.]'"[2] (Opening Br. at 7.) In short, he argued there was no predicate offense to support his § 924(c) conviction.

The District Court denied his motion, relying on our now abrogated decision in *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016), to conclude that the facts admitted by Collazo supported viewing the McManus robbery as a predicate offense. The Supreme Court later held, in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), that the residual clause in § 924(c)(3)(B) was unconstitutionally vague. Collazo appealed the District Court's denial of his motion, and we granted a certificate of appealability.

---

[2] The "elements clause" covers crimes that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), while the "residual clause" covered crimes "that by [their] nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *id.*, § 924(c)(3)(B).

## II.    DISCUSSION[3]

As an initial matter, the government contends that we "cannot entertain" Collazo's appeal because his § 2255 motion was procedurally defaulted for lack of timeliness. (Answering Br. at 18.)  We disagree, and therefore will address the merits of the appeal. A motion to correct sentence is timely if filed one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  The government argues that no such new right was recognized by the Supreme Court because "[t]he concept that vague criminal statutes can be found to be unconstitutional is not novel[,]" and Collazo should have raised an argument against the constitutionality of § 924(c) "in the initial litigation … even though it would have likely been unsuccessful at that time."  (Answering Br. at 19.)

That argument is far too dismissive of the Supreme Court's rulings in both *Johnson* and *Davis*, and the end point of the government's logic is that no void-for-vagueness ruling by the Supreme Court could ever give rise to a newly recognized right under § 2255.  *See United States v. Green*, 898 F.3d 315, 321 (3d Cir. 2018) ("The Supreme Court in *Johnson* recognized a right to not be sentenced under a statute that 'fixed—in an impermissibly vague way—a higher range of sentences for certain

---

[3] The district court had subject matter jurisdiction under 28 U.S.C. § 2255 and we have jurisdiction under 28 U.S.C. § 2253(a), (c).  We review the District Court's legal conclusions *de novo* and factual conclusions for clear error.  *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008).  We review substantive and procedural default issues *de novo*.  *United States v. Doe*, 810 F.3d 132, 142 (3d Cir. 2015).

defendants.'") (quoting *Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (original emphasis omitted)).[4]  Collazo's motion was timely because it was filed within a year of *United States v. Johnson*, in which the Supreme Court announced a new, retroactive, substantive rule.  *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (announcing that *Johnson* was substantive and should be applied retroactively).  Moreover, the motion is supported by *United States v. Davis*, which came later and also announces a new rule for purposes of § 2255 timeliness, the rule specifically being that "§ 924(c)(3)(B) is unconstitutionally vague."  *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (quoting *Davis*, 139 S. Ct. at 2336).

We next turn to Collazo's key argument on the merits, that the "predicate offense for [his] Section 924(c) conviction was not clearly identified in the record," and therefore, that we should conclude he did not commit Hobbs Act robbery.  (Reply Br. at

---

[4] We, and many of our sister circuits, held at first that *Johnson* meant all identically worded statutes, including sentencing guidelines, were void for vagueness. *See United States v. Calabretta*, 831 F.3d 128, 133-34 (3d Cir. 2016); *see also United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016) (en banc); *United States v. Sheffield*, 832 F.3d 296, 312-13 (D.C. Cir. 2016); *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016); *United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015).  But, the Supreme Court in *Beckles v. United States* abrogated those cases by clarifying that the identical language was *not* void when used in advisory sentencing guidelines, which "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range[,]" and thus are "not subject to a vagueness challenge under the Due Process Clause[.]"  137 S. Ct. 886, 892 (2017).  Relying on *Beckles*, we held in *United States v. Green* that "it remains an open question whether the mandatory Sentencing Guidelines can be subject to vagueness challenges," and therefore found no new right was recognized with regard to those guidelines such as would trigger the § 2255(f)(3) clock.  898 F.3d 315, 323 (3d Cir. 2018).  That is not the case here.  The residual clause in § 924(c)(3)(B) is not distinguishable from the voided clause in *Johnson*, and the Supreme Court held as much in *Davis*, 139 S. Ct. at 2336.

2.)  He says his plea agreement is ambiguous because Count V, the § 924(c) offense, broadly references the Hobbs Act, which includes both robbery and conspiracy. According to Collazo, that ambiguity should be construed against the government, meaning interpreted to only reference conspiracy.  He further contends that the ambiguity "was not resolved with the [plea] colloquy."  (Reply Br. at 3.)

We discern no ambiguity at all.  The government has demonstrated, through the indictment, plea agreement, and plea colloquy, that Collazo committed Hobbs Act robbery.[5]  It is well settled that, "[i]n a prosecution under [§ 924(c)], the Government must prove that the defendant committed a qualifying predicate offense … but it is not necessary that the defendant be separately charged with or convicted of such an offense." *United States v. Lake*, 150 F.3d 269, 274-75 (3d Cir. 1998) (internal citation omitted).  In the context of a § 924(c) guilty plea, our sister circuits have looked to the factual proffer,

---

[5] Collazo argued that Hobbs Act robbery is not "a sufficient predicate under Section 924(c)."  (Opening Br. at 16-19.)  But we rejected that argument in *United States v. Walker*, holding that Hobbs Act robbery is categorically a crime of violence because it "necessarily has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  990 F.3d 316, 326 (3d Cir. 2021).

plea hearing, and other evidence in the record to determine if a qualifying predicate

offense was committed.[6]  District courts in our circuit have followed the same approach.[7]

---

[6] *See In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) ("In this case, although Navarro pled guilty only to conspiracy to commit Hobbs Act robbery and a § 924(c) violation, his plea agreement and the attendant factual proffer more broadly establish that his § 924(c) charge was predicated both on conspiracy to commit Hobbs Act robbery and drug-trafficking crimes."); *see also United States v. Cannon*, 987 F.3d 924, 949-50 (11th Cir. 2021) (finding the defendant committed a § 924(c) predicate offense based on the "complete factual record" including "trial testimony and recordings"); *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997) ("In accordance with the views of all the circuits considering the question, we hold that a defendant's conviction under § 924(c)(1) does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt."); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989) ("Hunter's admission to the court that he possessed 88 grams of cocaine and had trafficked in the drug, the government's proffer of proof to that effect, and Hunter's guilty plea were sufficient to establish Hunter's guilt of a drug trafficking offense as an element of the offense under section 924(c)(1).").

[7] *See United States v. Milan*, No. 08-73, 2020 WL 6682535, at *4 (M.D. Pa. Nov. 12, 2020) ("[D]espite not being convicted on Count 3, [d]efendant does not claim that he never committed the Citizens Bank robbery.  Nor does [d]efendant contend that the facts underlying his Section 924(c) conviction—to which he admitted during his plea proceedings—fail to establish the predicate offense of bank robbery.  Given the plain language of the indictment and the admissions gleaned from the record, the Court thus finds that the completed Citizens Bank robbery properly underlies [d]efendant's Section 924(c) conviction." (original emphasis omitted)); *Berry v. United States*, No. 16-03489, 2020 WL 998944, at *3 n.4 (D.N.J. Mar. 2, 2020) (noting that we have not applied *Lake*, 150 F.3d at 275 – which held that a § 924(c) predicate crime need only be committed, not charged or convicted – to a Hobbs Act conspiracy case since the Supreme Court's decision in *Davis*); *Ware v. United States*, No. 19-17224, 2020 WL 373334, at *4 (D.N.J. Jan. 23, 2020) ("Although Count Two was ultimately dismissed, the critical question is whether [p]etitioner can be liable under 18 U.S.C. § 924(c)(1)(A)(ii), as charged in Count Six, for a predicate offense with which he was charged and to which he admitted guilt but for which he was not convicted….  The answer to that question appears to be that he can.").

Here, the indictment, plea agreement, and plea colloquy all make clear that Collazo committed Hobbs Act robbery and that the robbery was a predicate for his § 924(c) conviction. When we consider the indictment, we can readily see that Collazo was charged with Hobbs Act robbery and that his § 924(c) charge broadly referenced the Hobbs Act, without limiting itself to conspiracy. We can also look to the plea colloquy, during which the government stated the specific facts it would have proved at trial, all of which combine to meet the elements of Hobbs Act robbery.[8]

## III.   CONCLUSION

For the forgoing reasons, we will affirm the District Court's order denying Collazo's § 2255 motion to amend his sentence.

---

[8] The Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property[.]" 18 U.S.C. § 1951(b)(1). The government stated at the plea hearing that Collazo and a co-conspirator "robbed an individual … as he parked his car in the city of Harrisburg" by "forc[ing] him back into his car, … forc[ing] him to provide his ATM card and the identification number …, and dr[iving] [him] through the city of Harrisburg." (App. at 34.) It continued that Collazo and his co-conspirators "put [the victim] in the trunk of his vehicle and used the ATM card and obtained cash from [his] bank account[,]" noting that his "bank account existed in interstate commerce, and by taking these funds by force the defendant affected interstate commerce." (App. at 34-35.) Collazo agreed that those facts were true while disputing other facts asserted by the government, such as whether he was present after the robbery was over and the gang left the victim trapped in a freezing car.