ALD-052                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2202
_____

UNITED STATES OF AMERICA

v.

ELROY BROW,
                                       Appellant
_____

On Appeal from the District Court
of the Virgin Islands
(D.V.I. Crim. No. 1:90-cr-0048-001)
District Judge: Honorable Wilma A. Lewis
_____

Submitted on the Government's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 15, 2022
Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: January 13, 2023)
_____

OPINION*
_____

**PER CURIAM**

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1990, Elroy Brow was convicted in the District Court of the Virgin Islands of criminal conspiracy and a drug offense. That same year Brow was sentenced—as a "career offender" under former § 4B1.2 of the then-mandatory Sentencing Guidelines—to thirty years of imprisonment, plus five years of supervised release. His direct appeal, and first collateral attack under 28 U.S.C. § 2255, both were unsuccessful.

Years later, we granted Brow authorization to file another § 2255 motion. With that counseled motion, Brow sought to invalidate his sentence using (1) Johnson v. United States, 576 U.S. 591, 606 (2015) (holding that career-offender enhancement under the residual clause of the Armed Career Criminal Act "violates the Constitution's guarantee of due process"), and (2) the window left open in Beckles v. United States, 137 S. Ct. 886, 903 n.4 (2017) (Sotomayor, J., concurring in the judgment) (noting that the majority's holding—that the advisory Guidelines are immune to Fifth Amendment void-for-vagueness challenges—would not resolve cases brought by defendants who had been sentenced under the mandatory Guidelines).

The Magistrate Judge issued a Report recommending that relief be granted. But the District Court disagreed, concluding based on our intervening decision in United States v. Green, 898 F.3d 315 (3d Cir. 2018), reh'g denied, C.A. No. 17-2906 (Nov. 8, 2018), cert. denied, 139 S. Ct. 1590 (2019), that Brow's § 2255 motion is untimely.

In Green, the defendant (Green) was situated like Brow: sentenced as a career offender under the mandatory Guidelines, and challenging his sentence under Johnson.

2

Green's § 2255 motion was deemed untimely by the district court. On appeal, we rejected Green's argument that Johnson restarted AEDPA's one-year limitations period. Johnson, we held, "did not recognize a right to bring a vagueness challenge to the mandatory Sentencing Guidelines," Green, 898 F.3d at 321, for purposes of § 2255(f)(3) (permitting limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

The District Court found Green to be indistinguishable from Brow's case.[1] The District Court thus denied Brow's § 2255 motion, by order entered on June 16, 2022.[2] This appeal, and our issuance of a certificate of appealability, followed.

The District Court had jurisdiction under 28 U.S.C. § 2255(a).[3] We have jurisdiction under 28 U.S.C. §§ 1291, 2253(c), and 2255(d). We exercise plenary review

---

[1] The District Court also determined that its Green/limitations analysis under § 2255(f)(3) revealed an inability by Brow to satisfy the gatekeeping standard for second or successive § 2255 motions under § 2255(h)(2) (requiring that the motion contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Given our disposition, it is unnecessary to decide whether the District Court's § 2255(h)(2) analysis was correct.

[2] The District Court's June 16, 2022 order covered both its rejection of Brow's § 2255 motion *and* its rejection of Brow's motion for sentencing relief under the First Step Act (FSA). Brow's separate notice of appeal related to the denial of his FSA motion was docketed at C.A. No. 22-2203. That appeal was argued in this Court on December 8, 2022. In a joint submission, the parties have conveyed that they "do not believe that resolution of this appeal should await resolution of [C.A. No. 22-2203], or that any other case-management action is warranted." Doc. 11 at 1.

over the District Court's legal conclusions and review its factual findings for clear error. United States v. Arrington, 13 F.4th 331, 334 (3d Cir. 2021).

Contending that this appeal is squarely controlled by Green, the Government has moved for summary affirmance. Brow's primary response is that Green was wrongly decided and should be overruled.

Brow's argument is preserved for future phases of this litigation, but does nothing else for him in the current posture. "Absent rehearing of the full Court, it is not our practice to second guess" Circuit precedent. In re Aleckna, 13 F.4th 337, 344 n.38 (3d Cir. 2021); see also 3d Cir. I.O.P. 9.1 (2018) ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel.

---

[3] At present, it appears that Brow is no longer incarcerated pursuant to the 1990 sentence; that he is instead incarcerated pursuant to a 1994 conviction for involuntary manslaughter, for which he received a sentence of ten years of imprisonment that was ordered to run consecutive to the 1990 sentence. See United States v. Brow, DC Crim. No. 1:94-cr-00092, ECF No. 57 (N.D. Ga. Dec. 22, 1994). Regardless of whether Brow completed the incarcerative part of his 1990 sentence before or during the latest § 2255 proceedings, Brow was "in custody" for purposes of the District Court's jurisdiction under § 2255(a) because he had not completed the part of his sentence prescribing supervised release. See United States v. Essig, 10 F.3d 968, 970 (3d Cir. 1993), superseded on other grounds by rule, 3d Cir. L.A.R. 31.3 (2002), as recognized in United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012); see also Peyton v. Rowe, 391 U.S. 54, 67 (1968) (holding that "a prisoner serving consecutive sentences is 'in custody' under any one of them").

Court en banc consideration is required to do so.").[4] <u>Green</u> compels our agreement with the District Court that Brow's § 2255 motion is untimely.

Accordingly, the Government's motion for summary affirmance is granted and the District Court's June 16, 2022 order, insofar as it denied Brow's § 2255 motion, will be affirmed. <u>See</u> 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

---

[4] Brow also makes the argument that <u>Green</u> conflicts with the earlier-decided <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018). Although we are not bound by a prior panel's holding when it conflicts with Supreme Court precedent, we are not persuaded that <u>Green</u> "is the rare circuit court decision that is inconsistent with the weight of antecedent Supreme Court precedent." <u>Mennen Co. v. Atl. Mut. Ins. Co.</u>, 147 F.3d 287, 294 n.9 (3d Cir. 1998) (emphasis omitted).

5