**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-6089**

---

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

THOMAS FLOYD LITTLEJOHN,

Defendant – Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:90-cr-00231-MR-WCM-5; 1:16-cv-00209-MR)

---

Submitted:  November 30, 2022              Decided:  February 9, 2023

---

Before DIAZ and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Anthony Martinez, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Floyd Littlejohn appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), the district court denied Littlejohn's motion as untimely under § 2255(f). Because we agree that *Brown* remains binding, we affirm.

## I.

In 1991, a jury found Littlejohn guilty of multiple drug-trafficking charges. Based on Littlejohn's prior convictions, the sentencing court imposed a career-offender enhancement under the residual clause of the U.S. Sentencing Guidelines, which applied to predicate crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii) (1991). With the enhancement, the Guidelines set a range of 360 months to life imprisonment. The district court sentenced Littlejohn to 360 months in prison. At the time, the Guidelines were mandatory because the Supreme Court hadn't yet made them advisory in *United States v. Booker*, 543 U.S. 220 (2005).

In June 2015, the Supreme Court struck down the residual clause in the Armed Career Criminal Act of 1984 ("ACCA"), which was worded identically to the Guidelines' residual clause. *Johnson v. United States*, 576 U.S. 591 (2015). *Johnson* held that the ACCA's residual clause was "unconstitutionally vague" because it "leaves grave uncertainty about how to estimate the risk posed by a crime" and "about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 597–98.

In June 2016—less than a year after *Johnson*—Littlejohn filed the instant § 2255 motion.[*]  *See* J.A. 41–49.  Littlejohn argued that *Johnson*'s reasoning invalidated the Guidelines' residual clause that triggered his sentence enhancement in 1991.

The district court held Littlejohn's motion in abeyance pending *Beckles v. United States*, 580 U.S. 256 (2017).  There, the Supreme Court held that the post-*Booker* (that is, advisory) Guidelines' identically worded residual clause wasn't subject to a vagueness challenge because the "advisory Guidelines do not fix the permissible range of sentences," *id.* at 263, unlike the mandatory Guidelines and the ACCA.  In a concurring opinion, Justice Sotomayor noted that the majority's "adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before" the Guidelines became advisory "may mount vagueness attacks on their sentences."  *Id.* at 281 n.4 (Sotomayor, J., concurring).

Then we decided *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017).  Like Littlejohn, Brown argued that *Johnson* invalidated the mandatory Guidelines' residual clause that enhanced his sentence.  But we held that Brown's motion was untimely because the right the Supreme Court "recognized" in *Johnson* was specific to the ACCA and didn't extend to the mandatory Guidelines.  *Id.* at 301–02.

As we explained, § 2255(f)(3) extends the limitations period beyond the presumptive one-year-past-the-judgment cutoff only if the movant asserts a right newly

---

[*] This was Littlejohn's second § 2255 motion.  His first, filed in 2005, was denied. In 2016, this Court authorized, under 28 U.S.C. § 2255(h), Littlejohn's second § 2255 motion in light of *Johnson*.  *See In re Littlejohn*, No. 16-719 (4th Cir. June 24, 2016) (unpublished order).

"recognized" by the Supreme Court. *Id.* at 301. But an open question necessarily means that the Court "has not 'recognized' that right." *Id.* So we couldn't "extrapolat[e] beyond the Supreme Court's holding to apply what we view as its 'reasoning and principles' to different facts under a different statute or sentencing regime." *Id.* at 299.

Granted, the Supreme Court has applied *Johnson*'s reasoning to other residual clauses. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1213 (2018) (holding that a residual clause in the Immigration and Nationality Act was void for vagueness based on a "straightforward" application of *Johnson*); *United States v. Davis*, 139 S. Ct. 2319, 2326 (2019) (finding 18 U.S.C. § 924(c)'s residual clause to be void for vagueness based on *Johnson* and *Dimaya*). But the Court has never struck down the mandatory Guidelines' residual clause under which Littlejohn was sentenced.

In light of *Brown*, Littlejohn and the government jointly moved the district court to dismiss his motion as untimely. But Littlejohn asked for a certificate of appealability, which we granted.

II.

*Brown* compels us to affirm. The prior-panel rule prohibits us from ignoring *Brown*'s binding precedent. *See McMellon v. United States*, 387 F.3d 329, 334 (4th Cir. 2009) (en banc). And contrary to Littlejohn's arguments, *Brown* doesn't "rest[] on authority that subsequently proves untenable considering Supreme Court decisions." *United States v. Banks*, 29 F.4th 168, 175 (4th Cir. 2022) (cleaned up).

4

Littlejohn invokes an exception that requires a "substantive analysis . . . whether the reasoning of [a later Supreme Court case] renders [the prior decision] untenable." *Id.* at 177. That bar is high. Even if "faced with prior Fourth Circuit precedent that could be read as being in tension with intervening Supreme Court reasoning but no directly applicable Supreme Court holding," our prior decision will govern as long as we've "relied on it in subsequent decisions." *United States v. Dodge*, 963 F.3d 379, 384–85 (4th Cir. 2020).

Even assuming *Brown* is "in tension with" *Dimaya* or *Davis*, Littlejohn hasn't shown that *Brown* is "untenable." Our decision in *United States v. Rumph* illustrates the point. 824 F. App'x 165 (4th Cir. 2020) (argued but unpublished). There, we doubled down on *Brown*, holding that it didn't conflict with *Dimaya* or *Davis*. *Id.* at 167. Whether *Johnson*'s reasoning fits other contexts "misses *Brown*'s point," we explained, because *Brown* held that the Supreme Court hasn't "recognized" a right for § 2255(f)(3) purposes until it "formally acknowledge[s] the right in a holding." *Id.* at 168 (cleaned up).

Far from being untenable, *Brown*'s rule survives in harmony with *Davis* and *Dimaya*. And as *Rumph* shows, we've continued to rely on *Brown* in later decisions.

III.

At bottom, *Brown* remains binding and compels us to affirm the district court's dismissal of Littlejohn's § 2255 motion as untimely.

*AFFIRMED*

5